COPY
FILED

13 MAR 22 PM 2: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  JAMES J. MCMULLEN, JR. (SBN: 095853)
   Email: jmcmullen@gordonrees.com
2  STACEY M. COOPER (SBN 226012)
   scooper@gordonrees.com
3  TARA J. GILLMAN (SBN: 243077)
   tgillman@gordonrees.com
4  GORDON & REES LLP
   101 W. Broadway, Suite 2000
5  San Diego, CA 92101
   Telephone: (619) 696-6700
6  Facsimile: (619) 696-7124

7  Attorneys for Defendants SSA MARINE,
   a Washington corporation and SHIPPERS TRANSPORT
8  EXPRESS, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| GRAYLING TAYLOR, an individual, and BRUCE BROWN, an individual on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHIPPERS TRANSPORT EXPRESS, INC., a California corporation, SSA MARINE, a Washington corporation, and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No.: CV13-02092 GAF (PLAx)<br><br>Removed from:<br><br>Superior Court of the State of California for the County of Los Angeles Case No.: BC477047<br><br>**DEFENDANT SSA MARINE'S NOTICE OF REMOVAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 1441, PLEASE TAKE NOTICE that Defendant SSA MARINE, a Washington Corporation ("Defendant" or "SSA") hereby removes Case No. BC477047, filed in the Superior Court of the State of California, for the County of Los Angeles, and all claims and causes of action therein, to the United States District Court for the Central District of California, Western Division. As grounds

for removal, SSA states as follows:

## PROCESS, PLEADINGS, AND ORDERS TO DATE

1. On or about January 31, 2012, Plaintiffs commenced an action against SHIPPERS TRANSPORT EXPRESS, INC. ("Shippers"), and Does 1 through 10 in the Superior Court for the State of California for the County of Los Angeles, entitled *Grayling Taylor, et al. v. Shippers Transport Express, Inc.*, under case number BC477047, by the filing of a complaint, a true and correct copy of which is attached hereto as Exhibit A.

2. On February 15, 2013, Plaintiffs' Motion to File its First Amended Complaint ("FAC"), which added Defendant SSA MARINE ("SSA"), was granted. A true and correct copy of the FAC is attached hereto as Exhibit B.

3. SSA has not yet been served with the Summons and FAC, however, SSA became aware of the FAC after the FAC was stamped filed on February 22, 2013.

4. On information and belief, Defendant Shippers has not been served with the FAC.

5. The case between Shippers and Plaintiffs has been litigated in the Superior Court. SSA is informed and believes that the remaining documents and exhibits lodged herewith as Exhibits A, B, and C constitute all of the process, pleadings, and orders on file in the action.

## REMOVAL IS TIMELY

6. The FAC was deemed filed as of February 22, 2013. The notice of removal is timely filed as it is within thirty (30) days of that filing and, therefore, is timely under 28 U.S.C. § 1446(b); Fed. Rules of Civ. Proc., rule 6(a)(3).

## NO CONSENT IS REQUIRED

7. Pursuant to the CAFA, 28 U.S.C. 1332(d), this putative class action may be removed without the consent of any other defendant. *See* 28 U.S.C. § 1453(b).

## VENUE

8. Removal Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place in which the state-court case was pending. This is a civil suit brought in California state court. The action is now pending in Los Angeles County, California and, accordingly, under 28 U.S.C. § 84(c), the United States District Court for the Central District of California is the proper forum for removal because it is the "district and division embracing the place where such action is pending." (*See* 28 U.S.C. § 1441(a).)

9. This action is properly removable to this division because it was filed in the Superior Court for the County of Los Angeles. *See* 28 U.S.C. § 84(c)(2).

## JURISDICTION

10. This lawsuit is an action of which this Court has original jurisdiction under 28 U.S.C. § 1332(d) and is one that may be removed to this Court under 28 U.S.C. §§ 1441, 1446 and 1453. Under the CAFA and pursuant to 28 U.S.C. § 1453(b), class action suits that do not arise under federal law are removable if the aggregated claims of the putative class members exceed $5 million; there are at least 100 putative class members; and any class member is a citizen of a different state than any defendant. 28 USC § § 1332(d)(2), 1332(d)(5)-(6), 1453(a). Removal of such actions is permissible under 28 U.S.C. §§ 1441(a) and 1453(b).

11. Plaintiffs' FAC asserts seven causes of action for: (1) failure to pay minimum wage; (2) failure to reimburse for business expenses; (3) unlawful coercion; (4) failure to provide accurate itemized wage statements; (5) waiting time penalties; (6) unfair business practices; and (7) civil penalties pursuant to California Labor Code's Private Attorney General Act ("PAGA"). Plaintiffs bring this action as a representative action on behalf of a putative class.

///
///

## THE REQUIRED DIVERSITY OF CITIZENSHIP
## EXISTS BETWEEN ANY CLASS MEMBER AND ANY DEFENDANT

12. The FAC provides that named plaintiff Bruce Brown is a resident of California. FAC ¶ 2, 3. Plaintiff seeks to represent a class of "all individuals retained as truck drivers by STE in California within the past four (4) years." *Id.* ¶ 30.

13. The FAC also correctly alleges that SSA "is a Washington corporation." *Id.* ¶ 4. SSA's principal place of business is in the State of Washington. SSA is therefore not a citizen of the State of California but, rather, is a citizen of Washington for the purpose of determining removal jurisdiction. Accordingly, each of plaintiffs Brown and Taylor, who are members of the putative class, is a citizen of a state different from defendant SSA and diversity exists.

## AMOUNT IN CONTROVERSY

14. In their FAC, Plaintiffs place more than $5,000,000 in damages at issue. Yet, in the same FAC, Plaintiffs attempt to handcuff Defendant to state jurisdiction by artificially and conclusorily pleading that the amount in controversy is less than $5,000,000. (FAC, Prayer For Relief.) The attempt by Plaintiffs to artfully plead around the amount in controversy requirement, however, should not deprive this Court of jurisdiction. On March 19, 2013, the United States Supreme Court issued its decision in the matter of *Standard Fire Insurance Co. v. Knowles*, Case No. 11-1450, holding that such artful pleading was impermissible because a named plaintiff could not legally bind members of a putative class before that class was certified. As a result, Plaintiff's stipulation to limit the amount in controversy must be disregarded by this Court.

15. Though SSA denies the validity of Plaintiffs' substantive claims and all requests for relief therein, the claims and allegations made in this FAC, place at issue damages that far exceed the jurisdictional minimum of five million dollars

($5,000,000). The thrust of the Complaint in this case is that a class of more than 200 individual commercial truck drivers were misclassified as independent contractors and illegally charged for commercial truck leases, the price of diesel, and insurance. Plaintiffs seek not only reimbursement for these items, but attorneys fees, costs, and penalties for countless purported violations of the Labor Code.

16. The putative class, according to the FAC, consists of Plaintiffs and "in excess of 200 individuals." FAC ¶ 32. Given the large number of potential class numbers, the breadth of time covered, the number of claims for damages and penalties included in Plaintiffs' FAC, and the remedies sought, including general damages, special damages, statutory penalties, liquidated damages, reimbursement, PAGA penalties for alleged violation of 15 separately listed provisions of the California Labor Code, and attorneys' fees, the amount placed in controversy by Plaintiffs is substantially in excess of $5,000,000. *Id.*

17. Additionally, Plaintiffs have made a claim for attorney's fees in the FAC. The attorneys' fees request increases the potential damages such that the amount in controversy exceeds the threshold amount when aggregated with attorney's fees. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 942-43 (9th Cir. 2001) (explaining that attorney's fees can be aggregated with other damages for purpose of determining amount in controversy). Accordingly, the amount in controversy requirement for removal has been met.

18. Plaintiffs in the instant matter have alleged that drivers were not reimbursed for business expenses, including fuel, insurance, damage, and rental fees paid to Shippers. As described in the excerpts of Named Plaintiff Bruce Brown's deposition attached hereto as Exhibit D, Defendant assumes Plaintiff will claim, at minimum, that each driver is entitled to at least $100 per shift in fuel

reimbursement.[1]  This case involves approximately 130 leased trucks  and 175 work days per year (a conservative estimate that assumes that the trucks were in use only two-thirds of the over 250 available weekdays in the year).  This conservative estimate alone would result in an amount in controversy of approximately $2,275,000 million per year (and Plaintiffs seek damages for a three to four year period, amounting to over $9,000,000 million in fuel expense alone).  Further, the rental fees paid by the drivers who leased trucks from Shippers were $30/day.  These rental feels alone, if proven to be owed to drivers, could also exceed millions of dollars over the class period.

19.  Plaintiffs also seek waiting time penalties under Labor Code section 203, which could result in substantial alleged damages.  Although these damages are difficult to calculate with certainty, Defendant assumes Plaintiff will argue that the value of these claims exceeds $0, thereby adding some undetermined amount to the amount claimed in controversy.

20.  Plaintiffs have also brought in their FAC a PAGA claim, alleging that Defendants violated fifteen specific Labor Code sections and Plaintiffs allege they are entitled to collect under each of these code sections.  Plaintiffs claim penalties either as provided in the Code or fallback penalties under Labor Code section 2699(f) of $100 for the first violation, and $200 for "subsequent violations" (i.e. pay periods).[2]  Shipper's settles accounts with drivers every week.  Defendant assumes Plaintiffs will allege that each weekly settlement is a "pay period."

21.  PAGA provides for the collection of civil penalties.  The statute of limitations for a PAGA claim is, therefore, one year.  (Cal. Code Civ. Proc. 340(a); *Thomas v. Home Depot USA Inc.,* 527 F.Supp.2d 1003, 1007 (N.D. Cal. 2007); *see*

---

[1] The attached testimony reflects only the amount of fuel Brown purchased directly from Shippers, and not fuel he purchased from other sources.  Defendant believes the actual amount of fuel reimbursement claimed is much higher.
[2] Defendant intends to argue that if any violation of any of the statutes is found, Defendant is entitled to apply the "initial violation" rate as no violation has been found.  However, Defendant assumes Plaintiff will argue that the $200 "subsequent violation" rate follows for any pay period following the first pay period, and thus uses these rates in determining the amount in controversy.

*also De Simas v. Big Lots Stores, Inc.* 2007 U.S. Dist. LEXIS 19257 (N.D. Cal Mar 2, 2007); *Moore v. Genesco, Inc.*, 2006 U.S. Dist. LEXIS 7115 at *7 (N.D. Cal. Sept. 20, 2006).

22. Between February 15, 2012 (one year before the date of filing of Plaintiff's PAGA action) and the present date, based on information and belief, over 55 alleged "pay periods" have elapsed.

23. PAGA's "fallback" penalties for this matter would be calculated as follows: for each putative Plaintiff, for each "fallback penalty" section of the statute, Plaintiff will claim that the putative Plaintiff is entitled to $100 for the first pay period and $200 per pay period for each of the subsequent 54 pay periods, for a total of $10,900 per putative Plaintiff per "fallback violation."[3]

24. SSA is informed and believes that over 9,000 weeks were worked by drivers between February 22, 2012 and the present. As a result, if one calculates the amount of PAGA fallback penalties in controversy, the amount would be between $900,000 and $1,800,000 per alleged fallback violation of PAGA.

25. In fact, one does not even need to assume that over 9,000 weeks were worked to establish an amount in controversy far in excess of the jurisdictional minimum on this claim alone. For example, if only one-half of the alleged putative drivers (100 drivers, according to Plaintiff's allegations) worked all 55 pay periods between February 15, 2012 and the present, the total amount to be paid per "fallback violation" would be approximately $1,090,000. If we assume 200 drivers worked, this amount would exceed $2 million.

26. Defendant analyzes the potential PAGA recovery under each of Plaintiff's listed alleged violations as follows:

    a. Labor Code sections 201 and 202 are subject to the statutory penalty in Labor Code section 203, of the employee's wages for 30 days at the

---

[3] See footnotes 1 and 2. Defendant does not concede this penalty calculation, however, Defendant assumes Plaintiff will be seeking penalties paid at this rate.

-7-
DEFENDANT SSA MARINE'S NOTICE OF REMOVAL

Plaintiffs' regular rate of pay for full time work. As noted above, waiting time penalties place some yet undetermined amount in controversy, and Defendant assumes Plaintiffs will argue that PAGA provides a "double recovery" of these penalties.

      b.     Labor Code section 204 does not provide a penalty, and Defendant assumes Plaintiffs will argue that Labor Code 2699's "fallback" penalties under section 2699(f) would apply. Based on Plaintiff's own allegations, Plaintiffs seek penalties for at least 100 drivers who worked during the statute of limitations applicable to the PAGA claim, adding $1,090,000 to the aggregate amount of damages at issue.

      c.     Labor Code section 221 does not provide a penalty so Defendant assumes Plaintiffs will argue that Labor Code 2699's "fallback" penalties under section 2699(f) would apply. Assuming only 100 drivers worked during this period, the $1,090,000 calculation above would apply to this claim.[4]

      d.     Labor Code section 225.5 provides a penalty of $100 for an initial violation and $200 for subsequent violations, plus 25% of the amount unlawfully withheld. Assuming only 100 drivers worked during this period, a calculation of a minimum of $1,090,000 in penalties would apply to this claim.

      e.     Labor Code section 226 provides for $100 for an "initial" violation and $100 for subsequent violations, for a total of $4,000 per putative plaintiff. Assuming only one-half of Plaintiff's alleged class worked between February 15, 2012 and the present, a total of $555,000 would be in controversy for this PAGA claim.

      f.     Labor Code section 432.5 does not provide a penalty so Defendant assumes Plaintiffs will argue that Labor Code 2699's "fallback" penalties under section 2699(f) would apply. Assuming only 100 drivers worked during this period, the $1,090,000 calculation above would also apply to this

---

[4] This calculation is a minimum. More likely, the $900,000 - $1,800,000 calculation would apply to this claim.

claim.[5]

g. Labor Code section 450 does not provide a penalty so Defendant assumes Plaintiffs will argue that Labor Code 2699's "fallback" penalties under section 2699(f) would apply. Assuming only 100 drivers worked during this period, the $1,090,000 calculation above would also apply to this claim.[6]

h. Labor Code section 1174 does not apply a penalty provision, however, Labor Code section 1174.5 applies a civil penalty of $500 per putative class member. Assuming only 100 putative class members worked between February 15, 2012 and the present, this claim would place $50,000 in controversy.

i. Labor Code section 1182.12 does not provide a penalty so Defendant assumes Plaintiffs will argue that Labor Code 2699's "fallback" penalties under section 2699(f) would apply. Assuming only 100 drivers worked during this period, the $1,090,000 calculation above would apply to this claim.[7]

j. Labor Code sections 1197 and 1197.1 provide a civil penalty of $100 for an "initial" violation and $250 per pay period for "subsequent" violations. Even if we assume that only 100 individuals worked all 55 pay periods between February 15, 2012 and the present, this claim would place $1,360,000 in controversy

k. Labor Code section 1198 does not provide a penalty so Defendant assumes Plaintiffs will argue that Labor Code 2699's "fallback" penalties under section 2699(f) would apply. Assuming only 100 drivers worked during this period, the $1,090,000 calculation above would also apply to this claim.[8]

l. Labor Code sections 2802 and 2804 do not provide penalty

---

[5] This calculation is a minimum. More likely, the $900,000 - $1,800,000 calculation would apply to this claim.
[6] This calculation is a minimum. More likely, the $900,000 - $1,800,000 calculation would apply to this claim.
[7] This calculation is a minimum. More likely, the $900,000 - $1,800,000 calculation would apply to this claim.
[8] This calculation is a minimum. More likely, the $900,000 - $1,800,000 calculation would apply to this claim.

1  provisions so Defendant assumes Plaintiffs will argue that Labor Code 2699's
2  "fallback" penalties under section 2699(f) would apply. Assuming only 100
3  drivers worked during this period, the $1,090,000 calculation above would also
4  apply to this claim.[9]

5  27.  Therefore, the total amount in controversy as a result of Plaintiff's
6  PAGA claims alone is, *at minimum*, a total of $10,685,000.00.

7  28.  Adding this to the amount in controversy on Plaintiff's other claims
8  puts the amount in controversy at well over $20 million dollars.

9  29.  Plaintiff has also made a claim for attorneys fees. (FAC Prayer ¶¶ 8,
10 13, 20, 31 and 35.  Attorneys fees are properly included in determining the amount
11 in controversy.  (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.
12 1998), *Sanchez v. Wal-Mart Stores, Inc.,* 2007 WL 1345706, *2 (E.D. Cal. 2007)
13 ("attorney's fees, if authorized by statute or contract, are also part of the
14 calculation.")  Assuming Plaintiffs recover on their theories and allegations on a
15 class-wide basis, their lawyers would likely argue that they should receive all
16 attorneys' fees incurred.  If Plaintiff's counsel seeks 25% of the amount in
17 controversy, Plaintiff's claim for attorneys fees would increase the claims herein
18 by over $4,000,000

19 30.  Even not factoring in Plaintiff's claims for underpayment of minimum
20 wage, it is clear that the amount in controversy in this matter exceeds the
21 $5,000,000 jurisdictional minimum.

22 31.  CAFA's legislative history makes clear that any doubt regarding the
23 maintenance of interstate class actions in state or federal court should be resolved
24 in favor of federal jurisdiction.  (*See, e.g.* S. REP. 109-14, at 3 (2005) ["Overall,
25 new section 1332(d) is intended to expand substantially federal court jurisdiction
26 over class actions.  Its provisions should be read broadly, with a strong preference
27 that interstate class actions should be heard in a federal court if properly removed

---

[9] This calculation is a minimum. More likely, the $900,000 - $1,800,000 calculation would apply to this claim.

by any defendant."].)

## NUMBER OF CLASS MEMBERS

32. As is made clear in the FAC, the number of potential class members exceeds 100 by a considerable margin. According to the FAC, "the class contains in excess of 200 individuals." FAC ¶ 32. On information and belief, in the four-year period preceding the filing of this action, Shippers used more than 300 independent contractor drivers in the State of California. The evidence provides that it is beyond controversy that the number of putative class members exceeds 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

## NOTICE TO STATE COURT AND OTHER PARTIES

33. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this case is being served on counsel for Plaintiffs and on Shippers, and a Notice of Filing of Notice of Removal will be filed promptly with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

WHEREFORE, SSA prays that the above-referenced action now pending in the Los Angeles County Superior Court, State of California, Civil Division, case number BC477047, be removed from that court to this United States District Court.

Respectfully submitted,

Dated: March 22, 2013     GORDON & REES LLP

By: _____
James J. McMullen, Jr.
Email: jmcmullen@gordonrees.com
Stacey M. Cooper
scooper@gordonrees.com
Tara J. Gillman
tgillman@gordonrees.com
Lisa A. Hill
Email: lhill@gordonrees.com
Attorneys for Defendant SSA MARINE, a Washington corporation

-11-
DEFENDANT SSA MARINE'S NOTICE OF REMOVAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

```
CV13- 2092 GAF (PLAx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
GRAYLING TAYLOR, an individual, and BRUCE BROWN, an individual on behalf of himself and others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
SHIPPERS TRANSPORT EXPRESS, INC., a California corporation, SSA MARINE, a Washington corporation, and DOES 1 to 10 inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
HAYES PAWLENKO LLP
595 East Colorado Blvd., Suite 303
Pasadena, CA 91101
Tel.: (626) 808-4357
Fax: (626) 921-4932

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Tel.: (619) 696-6700
Fax: (619) 696-7124

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES-** For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) and 1441

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-02092**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (Defendant Shippers Transport Express) | Washington state (Defendant SSA Marine) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
NOTE: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT): _____   DATE: March 22, 2013

Lisa A. Hill (SBN: 223995) Attorney for Defendant SSA MARINE

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com