UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-2092-GAF (PLAx) | Date | March 28, 2013 |
|---|---|---|---|
| Title | Grayling Taylor et al v. Shippers Transport Express Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**          **(In Chambers)**

### ORDER TO SHOW CAUSE RE: LOCAL CONTROVERSY EXCEPTION TO CAFA

On January 31, 2012, Plaintiffs Grayling Taylor and Bruce Brown brought a class action against Defendants Shippers Transport Express, Inc. ("Shippers") and Does 1-10.  (Docket No. 1, [Not. of Removal], Ex. A [Compl.].)  On February 22, 2013, Plaintiffs filed a First Amended Complaint ("FAC") naming as Defendants Shippers, SSA Marine, Inc ("SSA"), and Does 1-10 (collectively "Defendants").  (Id., Ex. B [First Am. Compl. ("FAC")].)  Plaintiffs bring various state claims based on the California Labor Code and Business and Professions Code.   (FAC at 1.)  Plaintiffs allege that Defendants "misclassif[ied] their truck drivers as independent contractors and den[ied] them the wage and hour rights and protections of employees under the California Labor Code and applicable Wage Order."  (FAC ¶ 1.)  Plaintiff Brown, specifically as "class plaintiff", "seeks to represent a class composed of all individuals retained as truck drivers by [Shippers] in California within the past four (4) years."  (FAC ¶ 30.)

On March 22, 2013, SSA removed this action on the basis of diversity under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (Not. of Removal at 1.)  SSA accurately established that the matter involves a controversy in excess of $5,000,000 and "each of plaintiffs Brown and Taylor, who are members of the putative class, is a citizen of a state different from defendant SSA and diversity exists."  (Id. ¶¶ 13, 14-31.)  However, there is another hurdle that must be addressed.  The information now available to the Court suggests that this action may fall within the bounds of the "local controversy" exception to CAFA.  28 U.S.C. 1332(d)(4)(A). This exception provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2092-GAF (PLAx) | Date | March 28, 2013 |
|---|---|---|---|
| Title | Grayling Taylor et al v. Shippers Transport Express Inc et al | | |

(4) A district court shall decline to exercise jurisdiction under paragraph (2)--

    (A) (i) over a class action in which–

        (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

        (II) at least 1 defendant is a defendant--

            (aa) from whom significant relief is sought by members of the plaintiff class;
            (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
            (cc) who is a citizen of the State in which the action was originally filed; and

        (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

        (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; . . . .

28 U.S.C. § 1332(d)(4)(A). SSA, in removal, adequately alleges that it is a citizen of Washington state, where it is incorporated and where it maintains its principal place of business. (Not. of Removal ¶ 13.) However, it appears that Shippers is a citizen of California, which indicates to the Court that the local controversy exception may apply. The Court is cognizant, though, that a party seeking to apply an exception to CAFA has the burden to so prove by a preponderance of the evidence. Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024 (9th Cir. 2007). Therefore, while the Court is issuing this order to both parties to address whether the local controversy exception applies, Plaintiff bears the ultimate burden on the question if the matter is disputed.

**LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2092-GAF (PLAx) | Date | March 28, 2013 |
|---|---|---|---|
| Title | Grayling Taylor et al v. Shippers Transport Express Inc et al | | |

       The Parties are hereby **ORDERED TO SHOW CAUSE no later than Friday, April 12, 2013**, as to why the local controversy exception does or does not apply in this case and whether or not the Court should consider a motion to remand under that doctrine.

       **IT IS SO ORDERED.**