NOTE: CHANGES MADE BY THE COURT

| | |
|---|---|
| 1 | **GORDON & REES LLP** |
| 2 | JAMES J. MCMULLEN, JR. (SBN: 095853)<br>STACEY M. COOPER (SBN 226012) |
| 3 | TARA J. GILLMAN (SBN: 243077)<br>LISA A. HILL (SBN: 223995) |
| 4 | 101 W. Broadway, Suite 2000<br>San Diego, CA  92101 |
| 5 | Telephone:  (619) 696-6700<br>Facsimile:   (619) 696-7124 |
| 6 | Attorneys for Defendants |
| 7 | **LAW OFFICES OF C. JOE SAYAS, JR.** |
| 8 | C. Joe Sayas, Jr. (SBN: 122397)<br>Karl P. Evangelista (SBN: 250685) |
| 9 | 500 N. Brand Boulevard, Suite 980<br>Glendale, California  91203 |
| 10 | Telephone: (818) 291-0088<br>Facsimile: (818) 240-9955 |
| 11 | **HAYES PAWLENKO LLP** |
| 12 | Matthew B. Hayes (SBN: 220639)<br>Kye D. Pawlenko (SBN: 221475) |
| 13 | 595 East Colorado Blvd., Suite 303<br>Pasadena, California  91101<br>(626) 808-4357; FAX (626) 921-4932 |
| 14 | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GRAYLING TAYLOR, an individual, and BRUCE BROWN, an individual on behalf of himself and others similarly situated,<br><br>                          Plaintiffs,<br><br>      v.<br><br>SHIPPERS TRANSPORT EXPRESS, INC., a California corporation, SSA MARINE, a Washington corporation, and DOES 1 to 10 inclusive,<br><br>                          Defendants. | Case No.: CV13-02092-BRO (PLAx)<br><br>*Honorable Beverly Reid O'Connell*<br><br>Removed from:<br><br>Superior Court of the State of California for the County of Los Angeles Case No.: BC477047<br><br>**STIPULATED PROTECTIVE ORDER** |

**TO THE COURT:**

The parties hereto, Plaintiffs Bruce Brown and Grayling Taylor, (collectively hereafter referred to as "Plaintiffs"), on the one hand, and Defendants SSA Marine, Inc., and Shippers Transport Express, Inc. (collectively hereafter referred to as "Defendants"), on the other hand, by and through their respective counsel of record, hereby stipulate to the entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

On September 11, 2013, the Court issued its Order Re Plaintiff's Motion to Compel. In this Order, the Court stated that the parties may submit a stipulated protective order by September 17, 2013 regarding the documents SSA Marine will subsequently be producing by September 24, 2013. On September 16, 2013, the Parties agreed that Shippers Transport Express, Inc., should also be made a party to the stipulated protective order for uniformity and efficiency purposes.

## GOOD CAUSE STATEMENT

There is good cause for this Protective Order because discovery, and its accompanying disclosures in this case will likely involve the production of confidential, proprietary, or private information and/or documentation of Defendants and third parties. Such information may include, but is not limited to, personal information of employees of Defendants and third parties. Additionally, such information may include trade secrets, confidential proprietary and private commercial and financial information, such as confidential transactions between the individual Defendants and their respective third party customers, and financial account information of Defendants not generally subject to public disclosure. This confidential information may also include agreements, contracts, business arrangements, and confidential logistical and/or financial communications between Defendants and third parties not generally subject to public disclosure.

Special protection of these categories of information from public disclosure and/or from use for any purpose other than prosecuting or defending this litigation

is warranted.  Accordingly, the parties hereby stipulate to the Court the entering into of the following Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords extends only to the limited information or items that are entitled to, under the applicable legal principles, treatment as confidential.  As such, the Protective Order will contain the following terms and conditions:

## **STIPULATION**

1. <u>Proceedings and Information Governed.</u>  This Stipulation and Order will govern any document, information, or other thing furnished or produced by any party, including third parties, to any other party in connection with this action that might reveal confidential business information, including but not limited to trade secrets, proprietary information, and financial information which may be produced in this action and designated by the producing party as "confidential information or material" as defined below.  The information protected includes, but is not limited to, information contained in responses to written discovery; deposition testimony and exhibits; and all copies, extracts, summaries, compilations, designations, and portions of the foregoing.

2. <u>Confidential Information or Material Defined.</u>  For purposes of this Stipulation and accompanying Order, "confidential information or material" will mean all information or material that:

    a.    Is produced for or disclosed to a receiving party (Plaintiffs or Defendants); and

    b.    A party (Plaintiffs or Defendants) reasonably and in good faith believes such information and material constitute confidential information as set forth in Rule 26(c) of the Federal Rules of Civil Procedure, or otherwise constitute business proprietary and/or confidential material or financial information, whether embodied in physical objects, documents, or other factual knowledge of persons,

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1 and specifically shall include but not necessarily be limited to third party
2 information; and

3       c. Has been designated as confidential information by the
4 producing party in compliance with this Stipulation and Order, and prior to its
5 production.

6     3. <u>Designation of Confidential Information or Material.</u>  The producing
7 party may designate confidential information by stamping or affixing to the
8 physical objects, documents, discovery responses, or deposition transcripts a stamp
9 or other inscription that (1) states: "Confidential" and (2) the case number: "CV13-
10 02092- BRO (PLAx)."

11     For written material, documents, or other tangible items, the
12 designation of confidential information or material must be made when the
13 material is produced to the receiving party.  The designation of any particular page
14 of written material shall indicate that all information contained on that page is
15 designated "confidential" unless otherwise indicated.

16     For information not reduced to written material, documents, or other
17 tangible items, or information that cannot be conveniently designated as set forth in
18 this paragraph, the producing party must designate the confidential information by
19 giving written notice to the receiving party at the time the confidential information
20 is produced.  The written notice must clearly identify that part of the information
21 being produced that is designated as confidential.

22     4. <u>Party's Own Information.</u>  The restrictions on the use of confidential
23 information established by this Stipulation and Order apply only to the use by a
24 party of confidential information received from another party to this action, or
25 from a non-party to this action, and shall not apply to the use by a party of
26 his/her/its own information.

27     5. <u>Persons Authorized to Receive Confidential Information and Material.</u>
28 For purposes of this Stipulation and Order, the term "qualified recipient" of

**Gordon & Rees LLP**
101 West Broadway, Suite 2000
San Diego, CA 92101

information and material that has been designated pursuant to the terms of this Stipulation and Order shall mean:

    (a)    The parties to this action, including officers, directors, and other employees of the party to whom disclosure of confidential information is deemed necessary by that party for purposes of this action only;

    (b)    The attorneys of record in this action, attorneys employed in-house by or on behalf of the parties, any attorneys retained by the parties in this action to consult on the litigation, their respective partners, associates, clerks, legal assistants, secretaries, and stenographic and support personnel, and such other persons retained by such attorneys to provide litigation support services in this action; and

    (c)    Experts and consultants, consistent with the provisions of paragraph 10 below.

All persons identified in subparagraph (c) above shall complete and sign a declaration in the form of Attachment "A" to this Stipulation and Order, stating that he or she has read and understands the terms of this Stipulation and Order and agrees to be bound by its terms. The person's signature shall, and hereby is intended to, cover employees of such persons to whom it is necessary that the information and/or material be disclosed for purposes of this action. Each person to whom disclosure of confidential information is made agrees to be subject to the jurisdiction of this Court solely for purposes of proceedings relating to that person's performance under, compliance with, or violation of this Order. The original executed declaration shall be maintained by the attorney of record for the party causing the disclosure, and shall be made available for inspection by any other party on three (3) days prior written notice, except as provided in Paragraph 10 herein below.

    6.    <u>Challenges To and Removal of Confidential Designation.</u>  Nothing in this Stipulation and Order shall preclude any party from challenging a designation

of any information or material as "confidential" by any other party. If designated by a party as "confidential," information and material will be so treated for all purposes, and shall continue to be treated as confidential unless and until the Court rules to the contrary. Any party may challenge or object to the designation as "confidential" of any information and material and/or seek removal of particular items of confidential information from this Order by giving counsel for all other parties written notice of the objection within thirty (30) days of receipt of the information or material, which notice shall contain and be supported by reasons for the objection, and specify the items of confidential information and material for which removal of the confidential designation is sought. The written notice shall have attached a copy of such designated material or shall identify each document by production number or deposition by page number and shall (a) state that the receiving party objects to the designation and (b) set forth the particular reasons for such objection. Counsel for the designating party shall then initiate a conference in good faith in an effort to resolve any dispute concerning such designation. If such dispute cannot be resolved, the party designating the information as "confidential" shall file a motion ~~within fifteen (15) days of the written objection~~ **in full compliance with Local Rule 37** requesting that the Court determine whether the disputed information should be subject to the terms of this Order. The disputed information shall be treated as "confidential" under the terms of this Order until the Court rules on the motion.

For purposes of this Stipulation and Order, "receipt" of an objection made pursuant to this paragraph shall mean: on completion of transmission, if service is made by facsimile; on delivery, if service is made personally; two days after mailing, if service is made by express mail or other means of overnight delivery; and three days after the date of mailing, if service is made by regular mail.

7. <u>Use of Confidential Information and Material.</u>  Any information or material designated as "confidential" will be handled by the receiving party, and all other parties who receive copies of said information and/or material, in accordance with the terms of this Stipulation and Order.  Information and material designated as "confidential" will be held in confidence by each receiving party, will be used by each receiving party only for purposes of this action and trial and not for any business, competitive, or other purpose unless agreed to in writing in advance by all parties to this action or as authorized by further order of the Court, and will not be disclosed to, or the substance discussed with, any person who is not a qualified recipient, except as provided in this Order.

8. <u>Copies of Confidential Information and Material.</u>  Nothing in this Stipulation and Order shall prevent or otherwise restrict a qualified recipient from making working copies, abstracts, summaries, digests, and analyses of confidential information for use in connection with this action.  All working copies, abstracts, summaries, digests, and analyses will be considered confidential information under the terms of this Order.

9. <u>Transmission of Confidential Information and Material.</u>  Nothing in this Stipulation and Order shall prevent or otherwise restrict the transmission or communication of confidential information between or among qualified recipients.

10. <u>Disclosure to Experts and Consultants.</u>  If, in the exercise of his/her/its sole discretion, a qualified recipient determines it necessary to disclose a producing party's confidential information to an independent (i.e., not party-affiliated) technical or business expert or consultant retained by the qualified recipient or his/her/its attorney to assist in this action, whether or not such person is designated to testify as an expert at trial, the qualified recipient, prior to providing any confidential information to the expert or consultant, will require the expert or consultant to complete and sign a declaration in the form of Attachment "A" to this

Stipulation and Order, stating that he or she has read and understands this Order and agrees to be bounds by its terms.

Promptly after the parties exchange information on the experts expected to testify at trial, the designating parties who have disclosed confidential information to any designated experts or consultants pursuant to this section shall, at the time of the designation, provide the other parties in this case with a copy of all acknowledgment forms completed and signed by the designated experts or consultants who received the confidential information or material.

11.   Court Proceedings.  Without written permission from the producing party designating a document as confidential or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any document designated as confidential unless it is filed under seal in compliance with the Federal Rules of Civil Procedure and Central District Local Rules, and any special orders issued by Judge O'Connell.

12.   Testimony.  Notwithstanding any provision of this Stipulation and Order to the contrary, any person may be examined as a witness at deposition and may testify concerning all confidential information of which the person is the author, addressee or has knowledge.  If the examination concerns confidential information, the producing party will have the right to exclude from that portion of the deposition concerning the confidential information any person other than the witness, the witness's attorney(s), and qualified recipients of the confidential information.  If the witness and/or his or her attorney is not a qualified recipient, then before the examination commences, the witness and his or her attorney each will be requested to complete and execute an agreement, in the form of Attachment "A" to this Order, that he or she will comply with the terms of this Order and maintain the confidentiality of the confidential information disclosed during the course of the interview or examination.  If the witness and/or his or her attorney decline to sign the agreement, the producing party has the right to adjourn the

-8-

examination to promptly seek a further protective order from the court prohibiting the witness and/or his or her attorney from disclosing the confidential information.

Any court reporter who takes down testimony in this action, through interview, examination, deposition or otherwise (collectively "deposition"), will be given a copy of this Order and will be required to agree on the transcript of the deposition, that he or she will not disclose any testimony and/or information revealed at the deposition, except to the attorneys of record for the parties in this action or to such other qualified recipients as the attorneys of record for the parties so designate in writing to the court reporter.  The transcript, the original, and all copies of any deposition transcript and exhibits will be initially considered as a whole to constitute confidential information subject to this Order and will be conspicuously marked as described below.  Any disputes over this designation, in whole or in part, will be resolved through the procedure and in accordance with the burden of proof designated in Paragraph 6, above, for challenges to the designation as confidential information.  Once resolved, or if no challenge is made, the reporter will promptly conform the original transcript, and counsel will conform their copies of the transcript in accordance with the agreed-upon or resolved designation.  The portions designated as confidential will thereafter be bound in a separate booklet, conspicuously marked on the cover thereof with the words "CONFIDENTIAL - SUBJECT OF PROTECTIVE ORDER," and shall be treated as confidential information subject to this Order.

13. <u>Subpoenas.</u>  If any person or party having possession, custody, or control of any confidential information receives a subpoena or other process or order to produce confidential or special confidential information, he/she/it will promptly:

(a) Notify in writing all attorneys of record;

(b) Furnish those attorneys with a copy of the subpoena or other process of order; and

   (c) Provide reasonable cooperation with respect to a procedure to protect the confidential information sought to be pursued by the party whose interests may be affected.  If the party asserting confidentiality makes a motion to quash or modify the subpoena, process, or order, there will be no disclosure, process, or order until the Court has ruled on the motion, and then disclosure will occur only in accordance with the ruling.  If no motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order will be entitled to comply with it if the person or party has fulfilled his/her/its obligations under this Order.

  14. <u>Attorneys' Actions.</u>  Nothing in this Order will bar or otherwise restrict an attorney who is a qualified recipient from:

   (a) Rendering advice to his or her client with respect to this action; or

   (b) Generally referring to or relying on his or her examination of documents that have been produced under this Order and that contain confidential information.

  15. <u>No Waiver.</u>  The taking of, or the failure to take, any action to enforce the provisions of this Order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Order, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

   (a) Is or is not relevant, material, or otherwise discoverable;

   (b) Is or is not confidential or proprietary to any party;

   (c) Is or is not entitled to particular protection; or

   (d) Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.  In making this claim or defense, the party must comply with the procedures described in this

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1   Order.  This Order is entered without prejudice to the right of any party to apply to
2   the Court at any time to relax or rescind the restrictions of this Order, when
3   convenience or necessity requires.  The procedures set forth in this order will not
4   affect the rights of the parties to object to discovery on grounds other than those
5   related to trade secrets or proprietary information claims, nor will they relieve a
6   party of the necessity of proper response to discovery devices.

7       16.   <u>No Probative Value.</u>  This Order will not abrogate or diminish any
8   contractual, statutory, or other legal obligation or right of any party or person with
9   respect to any confidential information.  The fact that information is designated as
10  "confidential" under this Order will not be considered to be determinative of what
11  a trier of fact may determine to be confidential or proprietary.  Absent a stipulation
12  of all parties, the fact that information has been designated as "confidential" will
13  not be admissible during the trial of this action, nor will the jury be advised of this
14  designation.  The fact that [a]ny information designated as "confidential" pursuant
15  to this Order has been disclosed, used, or produced in discovery or at trial in this
16  action shall not be construed to mean that the information is admissible.
17  Additionally, the fact that any information designated "confidential" pursuant to
18  this Order has been disclosed, used, or produced in discovery or at trial in this
19  action shall not be offered in any action or proceeding before any court, agency, or
20  tribunal as evidence that the information:

21      (a)   Is or is not relevant, material, or otherwise admissible;
22      (b)   Is or is not confidential or proprietary to any party;
23      (c)   Is or is not entitled to particular protection; or
24      (d)   Embodies or does not embody trade secrets or confidential
25  research, development, or commercial information of any party.

26      17.   <u>Return of Information and Materials.</u>  At the conclusion of this action,
27  all confidential information and materials will, within thirty (30) days of written
28  request of the party furnishing the information, be delivered to the party that

**Gordon & Rees LLP**
101 West Broadway, Suite 2000
San Diego, CA 92101

-11-

furnished the confidential information and materials. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain confidential information. Any such archival copies that contain or constitute confidential information remain subject to this Order. In addition, all confidential or special confidential information not embodied in written materials, documents, or tangible items will remain subject to this Order.

18. <u>Court's Jurisdiction.</u> The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this Order as the court from time to time considers appropriate. The provisions of this Order regarding the use or disclosure of information designated as "confidential" will survive the termination of this action, and the Court will retain jurisdiction with respect to this Order.

19. <u>Notices.</u> Any of the notice requirements in this Order may be waived, in whole or in part, but only a writing signed by the attorney of record for the party against whom such waiver is sought will be effective.

20. <u>Amendments.</u> The parties may amend this Stipulation and Order in writing and may seek to have the amendments entered by the Court as part of this Order.

21. <u>Interpretation.</u> This Stipulation has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Stipulation. Accordingly, none of the parties hereto shall be entitled to have any provisions of the Stipulation construed against any of the other parties hereto in accordance with any rule of law, legal decision, or doctrine, such as the doctrine of contra proferendum, that would require interpretation of any ambiguities in this Stipulation against the party that has drafted it. The provisions of this Stipulation shall be interpreted in a reasonable manner to effect the purposes of the parties hereto and this Stipulation.

**Gordon & Rees LLP**
101 West Broadway, Suite 2000
San Diego, CA 92101

1   22.   <u>Binding on all Parties/Extension to Non-Parties.</u>  This Stipulation,
2 upon entry as an Order of the Court, shall bind the parties represented by the
3 undersigned counsel, the parties' agents, officers, directors, employees, and
4 representatives who receive notice of this Stipulation and Order, and all other
5 parties who appear in this case during the course of this litigation.  If non-parties
6 produce documents and desire to have them produced under the terms of this
7 Order, the parties agree to meet and confer and, if unable to agree, the non-parties
8 may seek amendment to the Order by motion.

10 IT IS SO STIPULATED:

Dated: September 17, 2013                    GORDON & REES LLP

By:     s/ James J. McMullen, Jr.

JAMES J. MCMULLEN
STACEY M. COOPER
TARA J. GILLMAN
LISA A. HILL
Attorneys for Defendants


Dated: September 17, 2013                    HAYES PAWLENKO LLP

By:    /s/  Matthew B. Hayes

Matthew B. Hayes
Attorneys for Plaintiffs

**Gordon & Rees LLP**
101 West Broadway, Suite 2000
San Diego, CA 92101

# ATTACHMENT "A"

The undersigned hereby acknowledges that he/she has read the Protective Order agreed to by the parties and entered by the Court in the above-entitled action and understands the terms thereof, and agrees, upon threat of penalty of breach of contract and/or contempt of court, to be bound by such terms.

In particular, the undersigned understands that the terms of the Protective Order obligate him/her to use Confidential Information solely for the purposes of this litigation and any considerations of settlement hereof, and to not disclose any such Confidential Information to any other person, firm or concern not known to be bound by the Protective Order.

PRINTED NAME:

ADDRESS:

PHONE NUMBER:

Dated: _____          _____
                                   (Signature)

ORDER ON STIPULATION

The Court hereby approves this Joint Stipulation as to the entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) between Plaintiffs and Defendants, pertaining to documents and/or information to be produced in this matter.

IT IS SO ORDERED.

Dated: September 19, 2013

_____
Paul L. Abrams
United States Magistrate Judge