JAMES J. MCMULLEN, JR. (SBN: 095853)
jmcmullen@gordonrees.com
STACEY M. COOPER (SBN: 226012)
scooper@gordonrees.com
GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA  92101
Telephone:  (619) 696-6700
Facsimile:   (619) 696-7124

Attorneys for Defendants SSA MARINE, INC. AND SHIPPERS TRANSPORT EXPRESS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAYLING TAYLOR, an individual, and BRUCE BROWN, an individual on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHIPPERS TRANSPORT EXPRESS, INC., a California corporation, SSA MARINE, a Washington corporation, and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No.: 13-CV-02092-BRO(PLAx)<br><br>*Honorable Beverly Reid O'Connell*<br><br>Complaint filed:     January 31, 2012<br><br>Removed from:<br><br>Superior Court of the State of California for the County of Los Angeles Case No.: BC477047<br><br>**DECLARATION OF ANA BERGANZA IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date:     July 21, 2014<br>Time:                   1:30 PM<br><br>Discovery Cutoff Date: 9/22/2014<br>Trial Date: 12/01/2014 |

I, Ana Berganza, declare as follows:

1.     I am employed by Shippers Transport Express, Inc. ("STE") as an administrator in the safety department.  I have worked in this position for over six years.  I have personal knowledge of the facts set forth below, and if called as a witness I could and would competently testify thereto under oath.

/ / /

-1-

Declaration of Ana Berganza                                                  Case No.: 13-CV-02092-BRO(PLAx)

2. As an administrator in the safety department, my duties include ensuring safety compliance and maintaining the documentation mandated by all local, state and federal regulations.

3. One of my job responsibilities is to review the government-mandated paperwork with drivers who are new to the owner-operator and/or lease program. I review the Transportation Agreement (attached hereto as Exhibit 3 is a true and correct copy of the Transportation Agreement), the first one-day lease they enter into for a STE truck (attached hereto as Exhibit 2 is a true and correct copy of a Truck Lease Agreement), Acknowledgement of Independent Contractor form (attached hereto as Exhibit 54 is a true and correct copy of the Acknowledgement of Independent Contractor Form), and Workers' Compensation Waiver (attached hereto as Exhibit 55 is a true and correct copy of Workers' Compensation Waiver). I also provide drivers the Yard Rules policy (attached hereto as Exhibit 56 is a true and correct copy of the Yard Rules Policy), Co-Driver Policy (attached hereto as Exhibit 57 is a true and correct copy of the Co-Driver Policy), Hours of Service Policy (attached hereto as Exhibit 58 is a true and correct copy of the Hours of Service Policy), and Off-Route, Call-In, and Sealed Loads Policy (attached hereto as Exhibit 59 is a true and correct copy of the Off-Route, Call-In, and Sealed Loads Policy). I will also answer their questions regarding the owner/operator and/or lease programs.

4. When reviewing the paperwork, I explain that drivers must manage their business and that certain expenses are deducted from the gross revenue drivers generate when hauling loads for STE. Although STE deducts amounts from the settlement checks issued to lease drivers, such deductions are for costs known and authorized by the drivers for running their businesses. These expenses include the lease fee, fuel (if they elect to purchase it from STE), insurance premiums for the truck, and deductions for any repairs they are responsible for. Drivers can pay any and all costs in any manner but most choose to have them

simply deducted from the settlement checks themselves.  Additionally, drivers can elect to purchase fuel outside of STE from third party vendors and damages to vehicle costs are only deducted if the truck is damaged while under that driver's control.  A driver is not responsible for other individuals' damages.

5. Drivers are responsible for repairs they are directly at fault for, such as those stemming from at-fault accidents up to the deductible on their insurance. STE does not deduct any amount from the compensation of drivers for routine maintenance and repairs on the trucks.  Instead, STE performs all such maintenance and repairs while the trucks are not being leased by any driver.

6. When speaking with the drivers who lease trucks for the first time from STE, I tell them that STE does not hire employee drivers.  I tell them the STE Agreements say they are independent contractors.  STE does not exercise control over any driver beyond that which is mandated by safety regulations, and occasionally customer concerns.  I explain this to them and tell them that they can work when they want to.  STE does not care how many days a week they haul or if they take long vacations.

7. Independent contractor relationships and drivers leasing trucks is customary and prevalent in the Port area.  Drivers often tell me that they prefer to work as independent contractors because they need the flexibility in their respective schedules.  They work when and how they want, based on their own individual circumstances.   Drivers also tell me that they would rather own their own truck but cannot because the new clean trucks are too expensive.

8. I know that one driver who participated in the lease program, Shannon Bell, owned his own truck until it was phased out by the new CARB standards.  He then participated in a lease-to-own program to purchase a new clean truck while he was a contractor at Container Freight.  (Mr. Bell and I met at Container Freight when I worked there.)  However, he told me that the combination of the lease payments and the maintenance on the truck were too expensive and a constant

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1  disruption of his business with the truck.  He told me he had heard from other
2  independent owner operators that they sometimes leased a truck from STE on a
3  daily basis.  He heard you could lease a truck or not lease a truck any day you
4  wanted.  He also had heard that the maintenance was done on the truck when it was
5  off-lease so the drivers did not have to worry about maintenance.

6       9.    Mr. Bell told me he preferred being an independent
7  contractor/business owner because he liked to be able to set his own schedule so he
8  could work on his Ministry.  Also, I knew that he had been to prison, and he was
9  concerned that as a result of this he was better off owning his own business.  I also
10 knew that he had a problem with his ex-wife.  There were some child custody
11 issues, as well as a restraining order against him, and he had large child support
12 obligations so as an employee his wages would get garnished.

13      10.    Mr. Bell strikes me as a very sophisticated businessman.  He
14 understands how best to make money as a Port driver.  He understands that
15 drayoffs, or what the drivers refer to as "landbridge" off of the docks could be
16 quite lucrative.  He also understands how expense deductions were handled.  In
17 fact, while I was processing his initial documents with him and explaining how
18 deductions were handled, he told me that all independent contractors have
19 deductions.

20      11.    There are many drivers who participate in the lease program who I
21 consider to be sophisticated businessmen and who own their own business like Mr.
22 Bell.  (Attached hereto as Exhibit 53 is a true and correct copy of Bell's Fictitious
23 Name Statement.)  We do not ask drivers whether they have an incorporated
24 business nor does STE require drivers to incorporate their own businesses.

25      12.    The drivers I orientate are all very different.  Some tell me that they
26 have other businesses or a sophisticated trucking business.  Others indicate that
27 they are not as sophisticated or experienced.
28 / / /

**Gordon & Rees LLP**
101 West Broadway, Suite 2000
San Diego, CA 92101

-4-

Declaration of Ana Berganza      Case No.: 13-CV-02092-BRO(PLAx)

13. Drivers keep track of their on duty hours on a Daily Manifest form or log book under certain circumstances, no matter whether they participate in the Lease Program, bring their own trucks, or drive for another company. This is because Daily Manifests are required by DOT regulations. Therefore, when we provide drivers an example of a Daily Manifest it is to help them understand how to complete it. This is because both the drivers and STE must follow DOT rules regarding on duty hours and may suffer adverse consequences by the DOT if the rules regarding on duty hours are not adhered. This has nothing to do with a separate STE intercompany policy or any internal time tracking reason, to oversee drivers, or any other control-related reason.

14. Daily Manifests are submitted to STE at the same time as Check Requests as the Daily Manifest reflects the moves hauled for each day. This information is needed to properly process a driver's settlement check request.

15. STE posts a list with drivers who have incorrectly filled out a Daily Manifest in Carson. The sole purpose of this is to alert the drivers to return to the safety department to make corrections to the document. Corrective action is never taken against a driver because of errors in a Daily Manifest nor does any counseling occur. The drivers on the list are not considered to be "offenders" of any rules or laws by STE. STE only seeks corrections to the daily manifests to ensure DOT regulations are being strictly adhered to. If a driver has an incorrect manifest, he/she visits the safety department, makes the correction, as required by the DOT, initials the document, and then it is filed away. However, Drivers are not "met with" or counseled on this in any way.

/ / /

/ / /

/ / /

/ / /

/ / /

1     I know each of the above matters based upon my own personal knowledge
2 or I have opined based upon information and belief that I have set forth.
3     I declare under penalty of perjury under the laws of the United States that
4 the foregoing is true and correct to the best of my knowledge and belief.
5     Executed this ___ day of June 2014 in Carson, California.

                                                                         Ana Berganza

**Gordon & Rees LLP**
**101 West Broadway, Suite 2000**
**San Diego, CA 92101**

1078185/17309792v.1

Declaration of Ana Berganza                                Case No.: 13-CV-02092-BRO(PLAx)