**LAW OFFICES OF C. JOE SAYAS, JR.**
C. JOE SAYAS, JR. (Bar No. 122397)
KARL P. EVANGELISTA (Bar No. 250685)
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955
cjs@joesayaslaw.com
kpe@joesayaslaw.com

**HAYES PAWLENKO LLP**
Matthew B. Hayes (SBN: 220639)
Kye D. Pawlenko (SBN: 221475)
595 East Colorado Blvd., Suite 303
Pasadena, California 91101
(626) 808-4357; FAX (626) 921-4932
mhayes@helpcounsel.com
kpawlenko@helpcounsel.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAYLING TAYLOR, an individual, and BRUCE BROWN, an individual, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STE TRANSPORT EXPRESS, INC., a California corporation; SSA MARINE, INC., a Washington corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: CV13-02092-BRO(PLAx)<br>Hon. Beverly Reid O'Connell<br><br>CLASS ACTION<br><br>**DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing Date: TBD<br>Time: TBD<br>Location: Courtroom 14 – Spring St. |

I, C. Joe Sayas, Jr., Esq., hereby declare as follows:

1. I am an attorney admitted to practice before this Court and all the courts of the State of California. I am counsel of record for plaintiffs Grayling Taylor and Bruce

1

DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Brown (collectively, "Plaintiffs") in this action. Following this Court's certification of this matter as a class action, the Court appointed me and my co-counsel, Matthew Hayes, Esq., as interim Class Counsel. I have personal knowledge of the facts stated in this declaration, and, if called as a witness, I could and would competently testify thereto.

2. My law firm, the Law Offices of C. Joe Sayas, Jr., was retained to represent Plaintiffs in this action against Defendant Shippers Transport Express, Inc. (hereafter, "STE"), a California trucking company, and its corporate affiliate Defendant SSA Marine, Inc. (hereafter, "SSA"). Plaintiffs worked for STE as port truck drivers, transporting cargo containers to and from the shipping terminals in the ports of Long Beach/Los Angeles, California, and Plaintiffs allege that SSA is their joint employer.

3. As detailed herein, this case is a certified wage-and-hour class action involving a class of California port truck drivers operating out of the ports of Long Beach/Los Angeles and Oakland, California (collectively, "Drivers"). On behalf of these Drivers, Plaintiff and Class Representative Bruce Brown ("Brown") alleges class claims, against Defendants SSA Marine and STE (collectively, "Defendants"), for Defendants' systematic misclassification of Drivers as independent contractors instead of employees.

### *Procedural History*

4. The Complaint in this case was initially filed only against STE, a California corporation, in Los Angeles Superior Court on January 31, 2012. This matter was aggressively litigated in state court, with several motions filed by the parties. In the course of extensive discovery conducted throughout 2012 and into 2013, we obtained evidence regarding what Plaintiffs contend to be the integrated operations of STE and SSA Marine. Consequently, on February 22, 2013, Plaintiffs filed a First Amended Complaint that, *inter alia*, added SSA Marine as a defendant.

5. On March 25, 2013, Defendant SSA Marine, a Washington corporation, then removed this lawsuit to this federal district court, pursuant to the Class Action Fairness Act ("CAFA"). On March 28, 2013, the Honorable Gary A. Feess of this Court issued an Order to Show Cause as to whether remand was warranted under the local-controversy

2

DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

exception of the CAFA, to which the parties timely responded. On April 29, 2013, the Court held that the local-controversy exception to CAFA did not apply. The case was thereafter re-assigned to the Honorable Beverly Reid O'Connell.

6. Following several more months of discovery, Plaintiff Bruce Brown filed a motion for class certification on September 23, 2013. Said motion sought to certify a class comprising "All Drivers who signed [STE'] Truck Lease Agreement, actually drove [STE'] trucks without employing or using other drivers, and who were classified by [STE] as independent contractors instead of employees from 2008 to present." Following the filing of Defendants' Opposition and Plaintiff Brown's subsequent reply, the certification motion came on for hearing on December 2, 2013. Following oral arguments, the Court took the matter under submission. On March 10, 2014, the Honorable Beverly Reid O'Connell issued an 18-page Order granting the motion for class certification.

7. Following the Court's class certification order, and pursuant to Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, I promptly pursued meet-and-confer discussions with Defendants' counsel to create a class notice to be disseminated to the class. The parties submitted their proposed class notice to the Court on April 14, 2014.

8. On May 5, 2014, the Court held a Status Conference with regard to its order certifying the class. At the hearing, the Court issued an Order approving the parties' agreed-upon "Notice of Pendency of Class Action" and "Exclusion Form" (collectively, the "Notice Packet"). The Court's Order further directed the dissemination of Notice Packets to all class members by a Third-Party Administrator, Gilardi & Co., LLC ("Gilardi"). On June 18, 2014 and June 27, 2014, Notice Packets were sent by Gilardi, via United States Mail, to class members, whose names and addresses were provided by Defendants. In response, 12 class members requested exclusion from the class. Attached hereto as Exhibit 1 is the "Declaration of Adrien Bizouarn Re: Notice and Claims Administration," dated October 9, 2014, which more fully describes the class notice procedure completed by Gilardi.

DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

9. At the May 5, 2014 Status Conference, we requested an Order appointing us as Class Counsel, and naming Plaintiff Bruce Brown as class representative. On May 16, 2014, the Court requested declarations from counsel and Plaintiff Brown regarding the propriety of our appointment as Class Counsel, and Class Representative, respectively, which we subsequently filed on May 19, 2014. By Order dated May 29, 2014, the Court appointed me and my co-counsel, Matthew Hayes, Esq., as Class Counsel, and further appointed Mr. Brown as Class Representative.

10. On April 28, 2014, Plaintiffs filed a Motion for Partial Summary Judgment on the issue of whether Defendants had misclassified Plaintiffs and the other class members as independent contractors instead of employees. Defendants filed an Opposition on June 16, 2014. Plaintiffs filed a Reply in support of the motion on July 16, 2014.

11. On July 25, 2014, the parties then participated in a private mediation in an effort to resolve this case, in compliance with the Court's order prompting the parties to so mediate. As their private mediator, the parties had selected the Honorable Enrique Romero (Ret.), a highly-regarded mediator and former jurist with expertise in class-action employment litigation. Unfortunately, despite the prolonged efforts of the parties and Judge Romero, including prolonged post-mediation discussions and exchange of information facilitated by the mediator, no settlement was reached at that time.

12. On August 8, 2014, Defendants, in turn, filed their own motion for summary judgment, arguing that (i) the wage-and-hour claims asserted in this class action are preempted under the Federal Aviation Authorization Administration Act ("FAAAA"), and (ii) that Defendant SSA Marine was not a joint employer with STE and may not be held liable for any unlawful employment practices imputed to Defendant STE. Plaintiffs filed their Opposition to Defendants' summary judgment motion on September 8, 2014. Defendants' reply in support of their summary judgment motion was filed on September 15, 2014.

DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

13. On September 29, 2014, the Court heard oral arguments on both Plaintiffs' Motion for Partial Summary Judgment and Defendants' Motion for Summary Judgment.

14. On September 30, 2014, the Court issued a 33-page ruling on the Parties' competing motions for summary adjudication. The Court granted Plaintiffs' Motion for Partial Summary Judgment on the issue of misclassification, ruling that the class members are employees as a matter of law, and thereby were misclassified by STE. The Court denied Defendants' request for summary judgment on the issue of preemption under FAAAA, as well as on the issue of SSA Marine's co-liability under theories of joint employer, integrated enterprise, *alter ego* and agency.

15. Following the Court's September 30, 2014 rulings on the parties' respective summary judgment motions, Plaintiffs proceeded with preparations for trial, which was then scheduled to commence on December 2, 2014.

16. Prior to the Court's September 30th ruling, and in anticipation of trial, the parties had designated their respective experts on August 15, 2014. With the subsequent designation of supplemental experts on September 12, 2014, a total of 10 experts were ultimately designated by the parties, encompassing a wide variety of specialization areas, including class action surveys and statistics, port-trucking industry practices and transportation regulations, employment reimbursement practices, forensic accounting, *alter ego*, integrated enterprise and joint employer issues. Following the Court's September 30, 2014 ruling, the parties immediately proceeded with the depositions of said experts, which were completed by the parties between October 8, 2014 and October 27, 2014.

17. All parties then made final preparations for trial. My co-counsel and I, and our respective law firms, spent substantial time working with Defendants' counsel in exchanging drafts, and meeting and conferring to finalize and file the Joint List of Trial Exhibits, Joint List of Witnesses, Memorandum of Contentions of Facts and Law, and proposed Final Pre-Trial Conference Order. We also spent considerable time and effort conferring with opposing counsel regarding proposed subjects of the parties' Motions in

5

DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Limine, and thereafter filing said Motions in Limine and Oppositions to the other side's Motions in Limine. We conferred and coordinated with our witnesses and organized our evidence for trial, including the numerous deposition transcripts. We conducted legal research and had several strategy meetings among ourselves in order to be ready with the substantive and evidentiary issues that may arise at trial then scheduled for December 2, 2014.

18. However, at the November 3, 2014 Pre-Trial Conference, the Court ordered the parties to appear in a Settlement Conference before the Honorable Jay C. Gandhi, and continued the trial to December 16, 2014 to allow the related case of *Thomas Perez, Secretary of Labor v. Shippers Transport Express, Inc.* to proceed first to trial.

19. In furtherance of the Court's Order regarding a settlement conference, I submitted a comprehensive Settlement Brief, with supporting exhibits, to fully inform Magistrate Judge Gandhi of the relevant issues and history in this case, including the evidence and damage analysis we intended to present at trial.

20. On November 13, 2014, I appeared and participated, along with Plaintiffs and other members of the Class Counsel team, in a day-long settlement conference before the Honorable Jay C. Gandhi at the United States District Court in Santa Ana, California. In the evening of a lengthy settlement conference, the parties ultimately signed a Memorandum of Understanding ("MOU") outlining the terms of their settlement. In addition to the claims in the present action, the MOU also resolved the individual wrongful termination claims of Plaintiff Grayling Taylor filed in the Los Angeles Superior Court ("LASC"). As noted, Plaintiff Bruce Brown serves as the sole class representative in the instant class action. The MOU further resolved the separate class action filed in LASC by active class member Elroy Lambey.

21. Following execution of the MOU, my co-Counsel and I then took on the arduous task of conducting further discussions with Defendants' counsel to produce the long-form written settlement agreement expressly contemplated by the parties' MOU. However, the parties were unable to resolve specific disputes regarding the terms of the

6

DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

long-form agreement. Hence, I and the other parties' counsel once again reached out to Magistrate Judge Gandhi for further assistance with the negotiated settlement.

22. On February 10, 2014, my co-counsel and I, along with Plaintiffs and Defendants' counsel, participated in a second, all-day settlement conference with the Honorable Jay C. Gandhi. Although the long-form settlement agreement was not finalized by the end of the day-long negotiations, Judge Gandhi's assistance provided valuable guidance and direction to the parties' continued negotiations. Consequently, on February 12, 2015, my co-Counsel and I conducted another day-long, face-to-face conference with the attorneys for Defendant SSA Marine devoted fully to drafting a finalized, long-form settlement agreement, which was expressly catalyzed by Judge Gandhi's mediation. The parties made some progress, and after this meeting, continued to engage in further conference calls.

23. Ultimately, after a marathon settlement process, the parties executed the Settlement Agreement on February 27, 2015 now being submitted for the Court's preliminary approval, a copy of which is attached hereto as Exhibit 2.

### *The Contested Nature of the Litigation and the Work Performed by Class Counsel*

24. My firm, and the firm of my co-Class Counsel, Matthew Hayes, Esq., have performed significant work in the prosecution of this class action. In addition to the extensive litigation efforts outlined above, we have spent considerable time evaluating—and continually re-evaluating—the wage-and-hour claims of Plaintiffs and the Class Members in light of applicable California employment laws and regulations. We performed investigation and discovery work that we closely coordinated with Plaintiffs and other active Class Members through frequent meetings and conference calls held and countless e-mails exchanged throughout the course of almost 3 years of hard-fought litigation.

25. At the outset of this case, my co-counsel and I, and our respective firms, conducted extensive investigations, including with the help of Plaintiffs and other active class members, to speak to hundreds of class members regarding the employment

DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

practices at issue in this case. We conducted various face-to-face meetings and telephonic interviews, from which we obtained valuable data regarding Defendants' workplace practices, policies and procedures, including those pertaining to the level of control exercised by Defendants over class members, work scheduling, wage practices, and meal- and rest-break policies. Said information provided Class Counsel with valuable information that we used to prepare for further litigation whilst simultaneously pursuing settlement discussions with Defendants.

26. In addition to the foregoing investigatory work, Class Counsel has performed significant formal discovery in this action since its commencement, and throughout the course of 3 years of hard-fought litigation and prolonged negotiations. Class Counsel prepared and served multiple sets of Interrogatories, Requests for Admissions, and Demand for Production of Documents. We analyzed valuable information disclosed in the responses thereto and utilized those information for follow-up discovery. Class Counsel sought—and with the aid of multiple motions to compel— obtained the production of more than a million pages of both paper-copy and electronically-stored documents, including class members' pay and work records, Defendants' policy documents, assorted filled-in trucking forms, and e-mail correspondence exchanged amongst Defendants' key management personnel.

27. Class Counsel also obtained thousands more pages of documents through our extensive investigation outside of formal discovery, including class members' documents pertaining to Defendants' employment practices, and class members' work times and compensation.

28. In turn, Plaintiffs, with the assistance of counsel, responded to multiple sets of interrogatories and production demands propounded by Defendants.

29. As noted above, Plaintiffs, via counsel, also spearheaded numerous meet-and-confer efforts to follow up discovery responses that we believed were inadequate, and, when necessary, prepared and filed the relevant motions to compel after the parties' meet-and-confer discussions proved unsuccessful in resolving discovery disputes. Class

DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Counsel engaged in several months of protracted but productive meet-and-confer sessions with Defendants' counsel, with the participation of both in-house and outside forensic IT experts, which allowed the parties to resolve some, but not all, disputes regarding electronic discovery. Following the filing of a lengthy motion to compel e-discovery in federal court, Class Counsel obtained voluminous electronic pay records pertaining to the Class Members. As a result of the aforesaid efforts, additional information and documents were provided by Defendants.

30. To assist with discovery and investigation, Plaintiffs also retained multiple experts, including an experienced forensic electronic discovery firm and worked with IT consultants in the collection, organization, review and analysis of voluminous work and pay records, as well as to pursue relevant e-mail communications amongst a selection of Defendants' key management personnel. By utilizing these experts' know how, we were able to deal with the difficulties associated with reviewing electronic evidence. Class Counsel's extensive search from the millions of pages produced through the Relativity electronic platform yielded significant information that support the claims of the class.

31. Phillips, Fractor & Company, LLC, economists specializing in wage and hour class data analysis and accounting, were also retained to review and analyze class members' voluminous work and pay records. These experts were also tasked with conducting an extensive class survey, and producing a Damages Analysis for presentation at trial. Such Damages Analysis was ultimately used in the parties' settlement negotiations on the eve of trial. Other experts were retained including: a) Jon Haveman, Ph.D., a senior economic analyst who has conducted prior studies on port trucking industry practices in Long Beach and Oakland, and b) Karl Schulze, CPA, a forensic accountant knowledgeable in corporate alter ego and integrated enterprise issues.

32. To supplement the parties' above-described paper discovery, Class Counsel also took and defended a large number of depositions relevant to the issues in this case. In the course of 3 years of active and contentious litigation, the parties took and defended 58 total depositions, some of which required travels to Oakland, California and Seattle,

9

DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Washington.  These included 16 depositions for various management and administrative personnel of Defendants, 33 depositions for the named plaintiffs and other class members, and 9 experts' depositions.  Defendants' key personnel whose depositions were taken by Class Counsel include those of: (i) Edward DeNike, President of STE and Executive VP of SSA Marine; (ii) Charles Sadoski, CFO and Executive VP for both STE and SSA Marine; (iii) Theresa Bicknell, VP of Accounting and Benefits for SSA Marine; (iv) Gordon Hoffman, VP of Finance for SSA Marine; (v) Juan Carlos Alvarez, Safety Director for STE; (vi) Kevin Baddeley, General Manager for STE' Carson, California operations; and (vii) Guy Sanderson, General Manager for STE' Oakland, California operations.  The numerous depositions taken in the 3 years leading up to trial here provided invaluable information regarding the wage-and-hour practices at issue in this case, and significantly informed the parties' negotiations leading to settlement on the eve of trial.

### *The Terms of the Proposed Settlement are Fair and Reasonable in Light of the Uncertainty and Risks Posed by Further Litigation*

33.     As litigators actively involved in the evolving and dynamic areas of class actions and wage-and-hour law, Class Counsel are constantly on the alert for, and keep ourselves updated on new legal developments and cases decided by federal and state appellate courts.  We also analyze various trial court decisions and examine how other judges apply substantive and procedural legal principles in wage-and-hour class actions.  While we believe strongly in the merits of this action, and the damages we seek to recover for the class, we are mindful of the contrary arguments that can be raised by Defendants' counsel to potentially defeat the class claims at trial or in an appeal.

34.     For instance, should this litigation continue, it is anticipated that Defendants will, among other things, seek to decertify this class action, would challenge the adequacy of Plaintiff Brown as class representative, contest whether common issues predominate, and challenge the manageability of Plaintiffs' PAGA claims on a class-wide basis.  Armed with the Supreme Court's opinion in *Wal-Mart Stores, Inc. v. Dukes*, 121

DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

S.Ct. 2541 (2011), such attempts to decertify will hardly be insubstantial, and at the very least, will exponentially increase the expense, complexity, risks and duration of the litigation.

35. Defendants have also indicated that they will challenge: (i) whether the Class can maintain a derivative UCL action following dismissal of all underlying claims on the eve of trial; (ii) whether Plaintiffs' PAGA claims seek double recovery; and (iii) whether Defendant SSA Marine may be held liable, under theories of joint employer, integrated enterprise, or otherwise, for any unlawful acts imputed to Defendant STE. Like Defendants' arguments regarding propriety of class treatment, these arguments also pose a substantial risk of spelling the death knell for the class claims asserted in this action.

36. Significantly, the question of collectability of any judgment obtained following trial is of particular concern, in light of the unresolved and hotly-disputed question of Defendant SSA Marine's liability. Discovery in this action has revealed serious questions regarding Defendant STE's ability to pay a hefty judgment in this case, thus making the question of collectability hinge on a finding of joint liability on Defendant SSA Marine. There is a substantial likelihood that a judgment imputing liability to STE but not SSA Marine would prove no more than a pyrrhic victory for class members who have long awaited resolution of their wage claims through 3 years of highly contested litigation. In contrast, the parties' settlement provides real and substantial relief, which potentially exceeds that which could be obtained in a successful—let alone an unsuccessful—trial.

37. Additionally, if this matter went to verdict, a lengthy appeal period would inevitably result. The litigation road has been arduous and promises to be even more difficult absent settlement. At this time, hundreds of thousands of dollars in out-of-pocket expenses have been incurred in pursuing the class members' claims. The proposed settlement will conserve the resources of the parties and the Court, and

DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

guarantees a substantial recovery for the Class now while obviating the need for a lengthy, complex, and uncertain trial.

38. It is my belief that the parties' proposed settlement here is fair, reasonable, adequate, and in the best interests of the class, especially in light of the complicated issues involved in this case, including Defendant STE's likely inability to satisfy a substantial judgment and the unresolved issue of Defendant SSA Marine's joint liability. The settlement guarantees recovery for the Class Members, who do not have to face the risks of and uncertainty of continued litigation which may reduce or even deny recovery. For those Class Members who remain employed as STE's Drivers, it also provides a recovery without the danger of their employer being forced into insolvency and Class Members potentially losing their jobs.

39. If the Class Members' claims prevailed through judgment in this difficult case, the estimated recovery based on information revealed by Class Counsel's extensive investigation and discovery is in the range of approximately $16,968,424 to $26,188,796. However, as noted herein, Defendants have potentially valid defenses which could defeat the class claims and/or substantially reduce the amount of money that Plaintiffs would otherwise have sought at trial. A prolonged, contested, risky, and expensive trial and likely appeals in this action is not in the best interests of the Class Members. As such, the proposed settlement amount of $11,040,000, which constitutes a range of between 42% to 65% of the maximum potential recovery at trial, is fair and reasonable.

///
///
///
///
///
///
///
///

DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

40.   On February 27, 2015, I informed Defendants' counsel that I would be filing an *ex parte* application for an Order granting preliminary approval of the parties' proposed settlement and the proposed form and manner of notice to the class.  In response, Defendants' counsel informed me that they would not oppose said *ex parte* application.

I declare under penalty of perjury, pursuant to the laws of the State of California and the United States of America, that the foregoing is true and correct to the best of my knowledge.

Executed on the 27th day of February 2015 in Glendale, California.

                                       /s/ C. Joe Sayas, Jr.
                                        C. JOE SAYAS, JR.

DECLARATION OF C. JOE SAYAS, JR., ESQ., IN SUPPORT OF *EX PARTE* APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT