# EXHIBIT 2

# SETTLEMENT AGREEMENT

## 1.     PREAMBLE

This Settlement Agreement is made and entered into as of the dates set forth below individually by Plaintiffs Grayling Taylor, individually, and Bruce Brown, individually and on behalf of the Class, as defined below, and on behalf of Shippers Transport Express, Inc. ("Shippers") and SSA Marine, Inc. (collectively referred to herein as "Defendants") as further defined below.

## 2.     DEFINITIONS

As used in this Agreement, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definitions set forth below and any definitions in any other document related to the Settlement, the definitions set forth below shall control.

2.1     The term "*Agreement*" means this Settlement Agreement.

2.2     The term "*Attorneys' Fees and Costs*" means the amount of attorneys' fees and costs and expenses to be requested by Class Counsel subject to Court approval in accordance with Section 5.1.3 of this Agreement.

2.3     The term "*Claims Administrator*" means Gilardi & Co. LLC, the entity agreed to by the Parties, subject to Court approval, which will perform the duties of, among other things: (1) mailing the Notice to Class Members; (2) distributing the Class Settlement Amount; and (3) issuing any required tax paperwork.

2.4     The term "*Class Counsel*" means the following counsel who appeared on behalf of the Named Plaintiffs or any Class Member in the Litigation and Related Litigation, and who shall be given primary responsibility for working with the Defendants and the Court to give effect to the provisions of this Agreement as counsel for the Class:

C. Joe Sayas, Jr.
Karl P. Evangelista
LAW OFFICES OF C. JOE SAYAS, JR.
500 N. Brand Blvd., Suite 980
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955
cjs@joesayaslaw.com
kpe@joesayaslaw.com

Matthew B. Hayes
Kye D. Pawlenko
HAYES PAWLENKO LLP
595 East Colorado Blvd., Suite 303
Pasadena, California 91101
Telephone: (626) 808-4357

Facsimile: (626) 921-4932
mhayes@helpcounsel.com
kpawlenko@helpcounsel.com

2.5     The term "*Class Settlement Amount*" means up to $11,040,000 (US$), which is the maximum amount to be paid by Defendants pursuant to this Agreement, as described more fully in Section 5.1 of this Agreement. This amount shall include not only the amounts paid to the Class, but also any Attorney's Fees and Costs approved by the Court, any Incentive Awards approved by the Court, the Notice and Administration Costs, and the PAGA Payment described in Section 5.1.4.

2.6     The term "*Court*" means the United States District Court for the Central District of California.

2.7     The term "*Execution*" refers to the signing of this Agreement by all signatories hereto.

2.8     The term "*Final Judgment*" refers to the final judgment entered by the Court.

2.9     The term "*Incentive Awards*" means the amount of money, if any, awarded by the Court to the Named Plaintiffs and to active Class Members, Elroy Lambey and Mario Giron to compensate for their time and expenses incurred as a result of their participation in the Litigation in accordance with Section 5.1.2.

2.10    The term "*Individual Settlement Payment*" means each Class Member's share of the Net Settlement Amount to be distributed to that Class Member, as allocated by the Court.

2.11    The term "*Litigation*" means the case pending before the Court entitled *Grayling Taylor, et al. v. Shippers Transport Express, Inc., et al.*, Case No. 13-cv-02092-BRO-PLA. "*Related Litigation*" means the case pending in Los Angeles Superior Court, *Lambey v. STE, et al.*, Case No. BC549530.

2.12    The term "*Named Plaintiffs*" means the named plaintiffs in the Litigation, namely, Bruce Brown and Grayling Taylor.[1]

2.13    The term "*Net Settlement Amount*" means the Class Settlement Amount minus the combined total of: (1) any Attorneys' Fees and Costs approved by the Court; (2) any Incentive Awards approved by the Court; (3) the Notice and Administration Costs; and (4) the PAGA Payment described in Section 5.1.4.

2.14    The term "*Notice*" means a document substantially in the form of the Notice attached hereto as Exhibits 2 and 3 as referred to in Section 6, and which have been agreed to by the Parties, subject to the Court's approval, and which the Claims Administrator will mail to each Class Member who can be identified through the exercise of reasonable effort explaining the terms of the Settlement, and the fund distribution and objection processes.

---

[1] Although both Bruce Brown and Grayling Taylor are named plaintiffs in this action, Bruce Brown is the class representative, and Grayling Taylor is a party in his individual capacity only.

The term "*Notice of Pendency of Class Action*" means the notices dated June 18, 2014 and June 27, 2014 sent by Gilardi & Co. LLC in compliance with Federal Rule of Civil Procedure 23(c)(2)(B), due process, and the Court's Order of May 5, 2014 approving said notice.

2.15    The term "*Notice and Administration Costs*" or "*Administration Costs*" means the cost to prepare the class list, compare the class list against the National Change of Address database maintained by the United States Postal Service; typeset, print, and mail the Notice to Class Members; perform skip trace agreed-upon follow up of returned mailings; payment of postage required to comply with this Agreement; and all other expenses, including fees to be paid to the Claims Administrator, necessary to administer the Settlement in accordance with this Agreement.

2.16    The term "*PAGA Payment*" means the amount allocated pursuant to the claim raised under the Private Attorney General Act, Cal. Labor Code § 2698 *et seq.*, in accordance with Section 5.1.4 of this Agreement.

2.17    The term "*Parties*" means the Named Plaintiffs, the Class, and Defendants.

2.18    The term "*Released Claims*" means any and all claims, rights, demands, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state or common law, whether class, representative, or individual in nature, that the Named Plaintiffs or any other Class Member: (i) asserted in the Litigation and/or Related Litigation; or (ii) could have asserted in the Litigation and/or Related Litigation or in any other action or in any forum based on the facts alleged or asserted or referred to in any of the pleadings and/or papers filed in the Litigation and/or Related Litigation including, all claims released pursuant to Section 8.1 below.

2.19    The term "*Unknown Claims*," as used in the Agreement, means any and all Released Claims that any Named Plaintiff or other Class Member does not know or suspect to exist in his, her, or its favor at the time of the Execution of the Agreement, which if known by him or her might have affected his or her decision with respect to the Settlement, including the decision of a Named Plaintiff or other Class Member to object to the terms of the Settlement or to exclude himself or herself from the Class.  Solely with respect to any and all Released Claims, the Parties stipulate and agree that, upon the Settlement Effective Date, the Named Plaintiffs and Defendants shall expressly, and each other Class Member shall be deemed to have, and by operation of the Final Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Named Plaintiffs, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Named Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have settled and released, and upon the Settlement Effective Date and by operation of the Final Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Named Plaintiffs and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material term of the Settlement.

2.20   The term "*Settlement*" means the compromise and settlement of the Litigation and Related Litigation as contemplated by this Agreement.

2.21   The term "*Class*" means the class certified by the Court's order of March 10, 2014 and anyone who signed a Truck Lease Agreement with Shippers in California from the date Notice of Pendency of Class Action was provided through the date of preliminary approval.  The Class shall not include any members who previously, timely, and validly opted out, with the exception of any members who have revoked any prior opt-out who thereby are included in the Class.  Those individuals who previously, opted out and have not revoked their prior opt-out are identified in Exhibit 1, attached hereto.  Thus, the Class is defined as all persons, except those identified in Exhibit 1, who (1) signed a Truck Lease Agreement with Shippers in California from January 31, 2008, through the date upon which the Court grants preliminary approval; (2) actually drove a Shippers truck without hiring others to perform work for Shippers; (3) were classified by Shippers as independent contractors instead of employees.

2.22   The term "*Class Member*" means any member of the Class who has not opted out or has revoked any previously filed opt out.

2.23   The term "*Class Period*" means the period of time from January 31, 2008, up through and including the date the Court grants preliminary approval, which is the period of time applicable to the claims being released pursuant to Section 8 hereafter.

2.24   The term "*Settlement Effective Date*" as used herein means the first day following the last of the following occurrences:

2.24.1.   The date the time to appeal or seek permission to appeal or seek other judicial review of the entry of a Final Judgment approving the Settlement has expired with no appeal or other judicial review having been taken or sought; or

2.24.2.   If an appeal or other judicial review has been taken or sought: (1) the date the Final Judgment is finally affirmed by an appellate court with no possibility of

Page 4

subsequent appeal or other judicial review therefrom; or (2) the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or (3) if remanded to the Court or to a lower appellate court following an appeal or other review, the date the Final Judgment is entered by the Court after remand and the time to appeal or seek permission to appeal or seek other judicial review of the entry of that Final Judgment has expired with no further appeal or other judicial review having been taken or sought. If further appeal is sought after a remand, the time periods in this Section shall apply.

2.24.3.    The condition specified in Section 5.3, requiring the dismissal with prejudice of related state-court actions, has been satisfied.

2.25    The term "*Workweeks*" means the number of weeks in which a Class Member leased a truck from Shippers and performed work for Shippers during the Class Period. The Workweek calculation does not include weeks in which the employee had no work time or did not lease a truck from Shippers.

2.26    The term "*Workweek Point Value*" means the value of each compensable Workweek, as determined by the formula set forth in Section 5.1.1 herein.

## 3.    RECITALS

3.1    On January 31, 2012, a putative class action was commenced in the Superior Court of the State of California for the County of Los Angeles, entitled *Grayling Taylor, et al. v. Shippers Transport Express, Inc.*, as Case No. BC477047, by the filing of a complaint (the "Complaint") asserting claims for: (1) failure to pay wages and/or overtime in violation of Cal. Labor Code §§ 501 and 1194; (2) failure to pay minimum wage in violation of Cal. Labor Code §§ 1194, 1194.2, and 1197; (3) failure to provide meal periods in violation of Cal. Labor Code §§ 226.7 and 512; (4) failure to authorize and permit rest periods in violation of Cal. Labor Code § 226.7; (5) failure to reimburse for business expenses in violation of Cal. Labor Code § 2802; (6) failure to provide reporting time pay in violation of Industrial Welfare Commission ("IWC") Wage Order 9-2001; (7) failure to provide accurate itemized wage statements in violation of Cal. Labor Code § 226; (8) waiting time penalties in violation of Cal. Labor Code § 203; and (9) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 on behalf of the putative class. The Complaint prayed for various forms of relief, including: a declaratory judgment that the practices claimed are unlawful; injunctive relief; damages, including unpaid wages; any and all legally-applicable penalties; pre-judgment interest; attorney's fees and costs of suit; and restitution. The Complaint identified Grayling Taylor and Bruce Brown as putative class representatives.

3.2    On February 22, 2013, Grayling Taylor and Bruce Brown filed a First Amended Complaint ("FAC"). The FAC asserted claims by Grayling Taylor only in his individual capacity, removing him as a potential class representative. The FAC further added SSA Marine as a new defendant, and amended the causes of action to assert only the following claims: (1) failure to pay minimum wage in violation of Cal. Labor Code §§ 1194,

1194.2, and 1197; (2) failure to reimburse for business expenses in violation of Cal. Labor Code § 2802; (3) unlawful coercion in violation of Cal. Labor Code § 450; (4) failure to provide accurate itemized wage statements in violation of Cal. Labor Code § 226; (5) waiting time penalties in violation of Cal. Labor Code § 203; (6) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200; and (7) civil penalties under the California Labor Code's Private Attorney General Act, Cal. Labor Code § 2698 on behalf of the putative class.

3.3     On March 22, 2013, the Defendants removed the action to the United States District Court for the Central District of California, Case No. 13-cv-02092-BRO-PLA.

3.4     On March 29, 2013, the Defendants answered the FAC.

3.5     On March 10, 2014, the Court entered a written order granting Plaintiff Bruce Brown's motion for class certification. The class was defined as all persons who (1) signed a Truck Lease Agreement with Shippers in California from January 31, 2008, through the date on which notice is provided to the class; (2) actually drove a Shippers truck without hiring others to perform work for Shippers; and (3) were classified by Shippers as independent contractors instead of employees.

3.6     On September 30, 2014, the Court entered a written order granting Plaintiffs' motion for partial summary judgment, finding that Shippers misclassified its drivers as independent contractors. The Court further denied the Defendants' motion for summary judgment.

3.7     On November 13, 2014, the Parties attended a settlement conference before the Hon. Jay C. Gandhi, United States Magistrate Judge for the Central District of California.  During the mediation, the Parties reached a binding agreement to settle the Litigation and Related Litigation and executed a Memorandum of Understanding, which is embodied in this Agreement.

3.8     On February 10, 2015, the Parties attended an additional settlement conference before Judge Gandhi to continue arms' length negotiations  to  finalize this Agreement.

3.9     Named Plaintiffs and their counsel believe this Litigation and Related Litigation is meritorious based on applicable law or an extension thereof. Class Counsel represent that they have conducted a thorough investigation into the facts of this case, and have diligently pursued an investigation of the claims against Defendants, including, but not limited to (1) propounding and responding to substantial written discovery, including prolonged electronic discovery; (2) participating in more than 50 depositions of witnesses; (3) conducting and analyzing the results of putative class member interviews and surveys; (4) reviewing more than a million pages of relevant documents; (5) researching applicable and analogous law and potential defenses; (6) reviewing and analyzing payroll and related compensation data;  (7) consulting with various experts; and (8) trial preparation work. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and

circumstances, including the risk of significant delay, the defenses asserted by Defendants, trial risk, and appellate risk.

3.10    Defendants have also actively investigated the facts surrounding the claims brought by Plaintiffs on behalf of the Class.  Defendants deny any liability or wrongdoing of any kind associated with the claims alleged.

3.11    The entry of Final Judgment in this Litigation shall resolve any and all claims that were or could have been asserted in the Litigation and/or Related Litigation, including any claims that were asserted in the Complaint or FAC or could have been asserted based on the alleged facts, with the exception of any claims that might be retained by Class Members who validly and timely excluded themselves from the Class. The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement, and to effectuate its terms.

## 4.    THE CLASS

4.1    The Parties and Class Counsel agree that, if final approval is not given following the appeal of any order by the District Court, or if for any reason the Settlement Effective Date does not occur, each Party shall retain all of its respective rights and shall be returned to its relative legal position as it existed prior to Execution of this Agreement, and neither this Agreement, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Agreement, shall be admissible or used for any purpose in this Litigation and Related Litigation.

4.2    The Parties and Class Counsel agree that, if approved, this Agreement is not an admission by Defendants that class certification is proper in any wage and hour litigation or any other litigation against Defendants.

## 5.    TERMS OF SETTLEMENT

5.1    Subject to the other terms and conditions of this Agreement, and in consideration of the releases and dismissals set forth in this Agreement, and subject to the Court's approval, Defendants agree that the Class Settlement Amount shall be comprised of a payment of $11,040,000 to be distributed by the Claims Administrator.

5.1.1.    All Class Members shall be eligible to recover a share of the Net Settlement Amount pursuant to the following Plan of Allocation ("Plan of Allocation"). Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation is not a necessary term of this Agreement and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Named Plaintiffs and Class Counsel may not cancel or terminate the Agreement or the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Litigation and/or Related Litigation. Defendants shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Amount, or

the distribution of the Net Settlement Amount. The Net Settlement Amount shall be allocated on a *pro rata* basis as set forth below:

(a)   The Claims Administrator shall calculate the total aggregate number of Workweeks that all Class Members worked during the Class Period ("Total Workweeks").

(b)   The proceeds of the Net Settlement Amount shall be divided by the Total Workweeks, resulting in the "Workweek Point Value".

(c)   An "Individual Settlement Payment" amount for each Class Member shall then be determined by first multiplying the individual Class Member's number of Workweeks by the Workweek Point Value. In the event information regarding the Class Member's Workweeks is not available, then the said Class Members' Workweeks shall be deemed to be 20% of the average number of Workweeks as computed by the Claims Administrator.

5.1.2.   Class Counsel may request that, subject to Court approval, each Named Plaintiff be paid an Incentive Award up to a maximum amount of $15,000. Class Counsel will also request Court approval for Incentive Award payments to active Class Members Elroy Lambey and Mario Giron up to a maximum amount of $10,000 and $7,500 respectively.

5.1.3.   Class Counsel will apply to the Court for an award from the Class Settlement Amount of Attorneys' Fees and Costs. Defendants shall not object to the application for Attorneys' Fees and Costs. With the sole exception of Defendants' obligation to pay the Class Settlement Amount, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Class Counsel in the Litigation.

5.1.3.1.   The Parties agree that the Court's approval or denial of any request for Attorneys' Fees and Costs or Incentive Awards are not conditions to this Agreement, and are to be considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of the Settlement. Any order or proceeding relating to the application by Class Counsel of an award for Attorneys' Fees and Costs, or for Incentive Awards, shall not operate to terminate or cancel this Agreement.

5.1.3.2.   Class Counsel agree that they are responsible for allocating the Attorneys' Fees and Costs approved by the Court among themselves and any other counsel that may have any other agreement with them. If a lien is asserted against the Attorneys' Fees and Costs approved by the Court, the Claims Administrator will tender the Attorneys' Fees and Costs award to the Court and shall thereafter be released from any claim related to those payments. Class Counsel warrant and represent

that there are no liens on the Attorneys' Fees and Costs to be paid pursuant to the terms of this Agreement and are not aware of any assignments of the claims to be released or the Attorneys' Fees and Costs to be paid pursuant to this Agreement. Class Counsel agrees to defend, indemnify, save and hold harmless Defendants from any costs and liability resulting from a breach of these representations and/or any lien on or assignment of the Attorneys' Fees and Costs.

5.1.4.  The Parties agree that an allocation of a PAGA Payment shall be made in the amount of $50,000  in accordance with the claim raised pursuant to Labor Code § 2698 *et seq.*, which the Parties believe represents a fair and equitable sum for resolution of said claim. Accordingly, the amount representing 75% of PAGA Payment shall be made to the California Labor and Workplace Development Agency ("LWDA"), and the amount representing 25% of PAGA Payment shall revert to and be deemed part of the Net Settlement Amount.

5.1.5.  All Notice and Administration Costs of the Claims Administrator shall be paid out of the Class Settlement Amount if the settlement becomes effective.  Prior to that time, such costs shall be determined as follows:

5.1.5.1.   Class Counsel shall obtain an estimate from the Claims Administrator as to the estimated Notice and Administration Costs. Defendants agree to advance these reasonably anticipated Notice and Administration Costs based on the estimate, and such amount paid will then be deducted from the Class Settlement Amount otherwise required to be paid to the Claims Administrator.

5.1.5.2. Any dispute relating to the Claims Administrator's ability and need to perform its duties or any such costs identified above shall be handled by the Parties in the first instance. If the Parties cannot reach a resolution, the matter will be referred to the Court. The Claims Administrator shall regularly and accurately report to the Parties, in written form when requested, on the substance of the work performed.

5.1.6.  The Parties agree the Individual Settlement Payments paid to Named Plaintiffs and Class Members shall be correctly and appropriately allocated as: twenty-five percent (25%) toward wages and seventy-five percent (75%) towards penalties and interest, the latter of which is to be reported on Form 1099's to be sent to the Class Members by the Claims Administrator. Shippers shall be solely and separately responsible for the employer's portion of any employer taxes required by law, including the employer FICA, FUTA, Medicare, and SDI contributions, as to the portion of Class Members' Individual Settlement Payments allocated as wages. The Claims Administrator shall advise Shippers of the amount required to pay the employer's portion of any such employer taxes and Shippers shall deliver that amount to the Claims Administrator which, in turn, shall be paid by the Claims Administrator to the applicable governmental authority or depository, as

required by the applicable tax law, including any interest and penalties with respect thereto. The Parties agree none of the Incentive Awards shall be considered wages and shall be reported on Form 1099's to be sent to the Named Plaintiffs and to active Class Members, Elroy Lambey and Mario Giron.

5.1.7.   Class Counsel shall have the Claims Administrator execute a separate agreement, which shall represent that the Claims Administrator will accurately calculate and pay the applicable taxes and will otherwise assume and carry out the obligations specified in this Agreement.

5.1.8.   Without limiting any other provision of this Agreement, the Claims Administrator shall be solely responsible for any and all tax reporting requirements, and shall prepare, distribute, and file any tax and information returns required for payments from the Net Settlement Amount, including, without limitation, IRS Forms W-2 and 1099.

5.1.9.   The Parties acknowledge and agree that Defendants, Defendants' Counsel, and Class Counsel have made no representations or warranties regarding the tax consequences of the money received pursuant to this Agreement. Class Members shall be solely responsible for the payment of any state, local, and/or federal income taxes, if any, on the amount paid to them hereunder. Should it be determined by an authorized authority that the money paid to the Class Members from the Class Settlement Amount or any portion thereof shall be treated as taxable income, the Class Members agree to assume all liability for their own taxes and any costs, fees, interest, assessments, penalties, damages or other losses due to such a determination.

5.1.10. The payments made to Class Members pursuant to this Agreement are not being made for any other purpose and shall not be construed as compensation for purposes of determining eligibility for any health and welfare benefits or unemployment compensation, and no benefit, including but not limited to pension and/or 401(k) benefits, shall increase or accrue as a result of any payment made as a result of this Settlement.

5.2     Shippers agrees to reclassify the Class Members as employees consistent with, and effective at the same time as provided for in, the United States Department of Labor consent judgment and decree entered into in the case entitled *Thomas E. Perez v. Shippers Transport Express, Inc.*, Case No. 13-cv-04255-BRO-PLA, in the United States District Court for the Central District of California.

5.3     This Agreement is conditioned upon the voluntary dismissal, with prejudice, of the claims asserted in the following two actions in the Superior Court of the State of California for the County of Los Angeles. If such a dismissal requires approval of the respective court to take effect, this Agreement is conditioned upon receiving that approval and such dismissal becoming final. Class Counsel agrees to take all necessary and reasonable actions to secure the dismissal of these actions after the Execution of this Agreement.

      5.3.1.  The lawsuit entitled *Grayling Taylor v. Shippers Transport Express, Inc.*, Case No. BC5022231.

      5.3.2.  The lawsuit entitled *Elroy Lambey v. Shippers Transport Express, Inc.*, Case No. BC549530.

## 6.      NOTICE OF THE SETTLEMENT

6.1     The Notice of Pendency of Class Action was previously provided in June 2014 in accordance with the Court's Order of May 5, 2014 and in compliance with Federal Rule of Civil Procedure 23(c)(2)(B).  For the Class Members as defined by the Court's Order of March 10, 2014, the opt-out deadline expired.  The Parties agree that no additional opt-out opportunity will be provided for those Class Members. Accordingly, a Notice substantially in the form attached as Exhibit 2 hereto (printed in both English and Spanish), and subject to Court approval, shall be sent by the Claims Administrator to all such Class Members by first class mail using the method previously deemed compliant by the Court with Federal Rule of Civil Procedure 23(c)(2)(B) and due process. The Notice shall:

      6.1.1.  Describe the process for distributing the Class Settlement Amount;

      6.1.2.  Advise Class Members of the number of Workweeks, the estimated Workweek Point Value, the estimated potential recovery as computed by the Claims Administrator, and the opportunity to dispute the number of Workweeks provided therein.

      6.1.3.  Advise Class Members of their right to object to the Settlement, the process by which such objections must be made, and the date set by the Court for a hearing on final approval of the Settlement.

 6.2.    A Notice substantially in the form attached as Exhibit "3" hereto (printed in both English and Spanish), and subject to Court approval, shall be sent to Class Members other than those referenced in Section 6.1, by first class mail using the method previously deemed compliant by the Court with Federal Rule of Civil Procedure 23(c)(2)(B) and due process. The Notice to these Class Members shall:

6.2.1. Describe the process for distributing the Class Settlement Amount;

6.2.2. Advise Class Members of the number of Workweeks, the estimated Workweek Point Value, the estimated potential recovery as computed by the Claims Administrator, and the opportunity to dispute the number of workweeks provided therein.

6.2.3. Advise Class Members of their right to opt out of the Class, and the process by which the opt-out must be made;

6.2.4. Advise Class Members of their right to object to the Settlement, the process by which such objections must be made, and the date set by the Court for a hearing on final approval of the Settlement.

6.4.    Prior to mailing the Notices, the Claims Administrator shall process the class list against the National Change of Address Database maintained by the United States Postal Service ("USPS"). It shall be conclusively presumed that if the Notice documents are not returned as undeliverable, the Class Member received the Notice documents. With respect to Notices that are returned as undeliverable, if forwarding addresses are provided by the USPS, the Claims Administrator shall re-mail the Notice immediately. If no forwarding address is provided, the Claims Administrator shall promptly attempt to determine the correct address using a skip-trace, or other search using the name, address and/or Social Security number of the Class Member involved, and shall then perform a single re-mailing.

6.5     The Claims Administrator shall set up a toll-free number in both English and Spanish to respond to inquiries from Class Members. This toll-free number will not be staffed by live operators. The toll-free number will provide a voicemail box where messages can be left. Calls shall be returned within two (2) business days.

## 7.    DISTRIBUTION AND OBJECTION PROCESS

7.1    Distribution Process

      7.1.1.    The amount that each Class Member is eligible to receive, the Individual Settlement Payment, under this Settlement shall be determined in accordance with the formula set forth in Section 5.1.1.

      7.1.2.    Defendants will provide the Claims Administrator with the funds for the Class Settlement Amount within seven (7) days after the Settlement Effective Date.

      7.1.3.    Ten (10) calendar days before the hearing on their award of Attorneys' Fees and Costs, Class Counsel shall deliver to the Claims Administrator both written instructions signed by Class Counsel that describe the manner and mode of payment of such Attorneys' Fees and Costs (and, in the absence of such instructions, such Attorneys' Fees and Costs shall be sent by U.S. Mail), and a fully-executed Form W-9 with respect to the entity to whom the Attorneys' Fees and Costs shall be paid. The Claims Administrator will issue to Class Counsel an IRS Form 1099 for such amounts paid for Attorneys' Fees and Costs under this Settlement.

      7.1.4.    Payments of the Individual Settlement Payments to the Class Members, Attorneys' Fees and Costs to Class Counsel, Incentive Awards to the Named Plaintiff, the PAGA Payment described in Section 5.1.4, and Administrative Costs to the Claims Administrator shall be made by the Claims Administrator within ten (10) days of receipt of the Class Settlement Amount from Defendants.

      7.1.5.    If the Notice to a particular Class Member is returned to the Claims Administrator as undeliverable two or more times, and after a skip trace and search using his or her name, address, and  Social Security number is made, the Claims Administrator will not attempt to send an Individual

Settlement Amount to that Class Member. That Class Member will remain subject to the terms of the Final Judgment and the Comprehensive Waiver and Release provided for in Section 8.

7.1.6. Checks issued to Class Members pursuant to this Agreement shall remain negotiable for a period of one hundred eighty (180) days from the date of mailing. Class Members who fail to negotiate their check(s) in a timely fashion shall, like all Class Members, remain subject to the terms of the Final Judgment and the Comprehensive Waiver and Release.

7.1.7. In the event that the funds in the Class Settlement Amount are not fully expended after sending the Individual Settlement Payments, the Attorneys' Fees and Costs, the Incentive Awards, the Notice and Administrative Costs, and the PAGA Payment, the remaining amount will be distributed to the Class Members that negotiated the checks they received for their Individual Settlement Payments on a *pro rata* basis. Reasons why funds from the Class Settlement Amount might not be distributed in the normal course include: (1) the Class Member could not be located, as described in Sections 6.2 and 7.1.6; and (2) the check provided to a Class Member was not negotiated within one hundred eighty (180) days, as described in Section 7.1.7.

7.2    Right to Dispute Workweek Information, Objections and Opt-out

7.2.1. Any Class Member who disputes the number of Workweeks provided for in the Notice may submit information in support of his/her claim to the Claims Administrator.  All supporting documentation should be provided by the Class Member on or before the date which is forty-five (45) days after the Notices are first mailed to the Class Members.  The Claims Administrator will provide a copy of information submitted to Defendants' counsel and Class Counsel.  The Claims Administrator will investigate the claim and make a final, non-appealable decision with regard to the number of Workweeks worked by the Class Member.

7.2.2. A Class Member who wishes to object to the Settlement must notify the Court of their objection, in writing, on or before the date which is forty-five (45) days after the Notices are first mailed to Class Members. Instructions regarding how to object are found in Section 15 of Exhibit 2 and Section 16 of Exhibit 3. Class Members who fail to file and serve both a timely written objection or a notice of intention to appear and object in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

7.2.3. A Class Member who was provided with the Notice substantially in the form attached as Exhibit "3", and who wishes to opt-out, must submit his or her request to opt out from this Settlement in writing to the Claims

Page 13

Administrator and must be postmarked on or before the date which is forty-five (45) days after the Notice is first mailed.  Any such Class Member who submits a valid and timely request to opt-out will not be entitled to any monetary recovery, will not be bound by this Agreement, and will not have any right to object or appeal. Any Class Member who was provided with the Notice substantially in the form attached as Exhibit "3" who fails to submit a valid and timely request to opt-out shall be bound by all terms of the Agreement and the Order and Final Judgment, regardless of whether they otherwise have requested exclusion from the Settlement.  The Parties and their Counsel shall not encourage any  Class Members to opt-out of the Class.

7.3     In the event that Final Approval of this Settlement Agreement is not granted by the Court, neither the Settlement Agreement, nor any documents related to this Settlement or negotiations leading to the Settlement may be used as evidence for any purpose, and Defendants shall retain the right to challenge all claims and allegations in the Litigation and Related Litigation, including filing a motion for decertification, and assert all applicable defenses.

7.4     Should the Court decline to approve this Agreement in any material respect, except for approval of the award of Class Counsel's Attorney Fees and Costs, Incentive Awards, or Notice and Administration Costs, Defendants shall have no obligation to make any payment under this Agreement, and in the event that Defendants have made any such payment, such monies shall be returned promptly to Defendants (minus Defendants' payments of any Notice and Administration Costs already reasonably incurred by the Claims Administrator).

## 8.     COMPREHENSIVE WAIVER AND RELEASE

8.1     Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Named Plaintiffs and Class Members (collectively, "Releasing Class Members"), do hereby irrevocably release, acquit, and forever discharge Defendants of and from any and all claims, rights, penalties, demands, damages, debts, accounts, duties, costs (other than those costs required to be paid pursuant to this Settlement Agreement), liens, charges, complaints, causes of action, obligations, or liability of any and every kind, whether known or Unknown Claims, that were alleged or could have been asserted based on the alleged facts in the Litigation and/or Related Litigation and any claims relating in any way to any of the facts alleged or asserted or referred to in any of the pleadings and/or papers filed in the Litigation and/or Related Litigation, including:

- the Complaint and the FAC;

- California Labor Code sections and any accompanying subparts or subsections: 200, 201, 202, 203, 204, 210, 211, 216, 218, 218.5, 218.6, 221, 222, 223, 224, 225.5, 226, 226.7, 452, 510, 512, 552, 558, 1021.5, 1174, 1175, 1182.11, 1194, 1197, 1198, 1199, 2698 *et seq*., 2699.3, 2802 and 201.3, 201.9-203.1, 204, 204(b),

204.3, 206-208, 210-213, 215-217, 218, 219, 221, 226.4, 226.6-227.5, 432.5 510-517, 550-554, 556, 558, 1190, 1193.5-1197.1, 1197.5, 1200, 2698-2699.5, 2802, as well as California Industrial Welfare Commission's Wage Orders, including 13-2001 and 14-2001, California Code of Regulations, Title 8, sections 11000 and 11010 *et seq.*, Code of Civil Procedure section 1021.5, Business and Professions Code sections 17200-17208, *et seq.*, and Code of Civil Procedure section 382, as well as any claims for Conversion, Accounting, or other Declaratory relief alleged;

- The Fair Labor Standards Act (FLSA), 28 U.S.C. § 201 *et seq.*, including, without limitation, §§206, 207(a), 211(c), 215, and 216(b); 29 C.F.R. §§516.2(7) and 516.5(a);

- any other federal, state, or local labor laws or rules and regulations or any common law or statutory claims arising out of the classification of independent contractors, employees, and/or the compensation and reimbursement of any expenses, or relating in any way to any of the facts alleged or asserted in the Complaint or FAC or in the state court actions.

8.1.1.  This release shall apply to any and all claims under the Private Attorneys General Act, California Civil Code section 2698, *et seq.*, ("PAGA") on behalf of any persons on whose behalf a PAGA claim was asserted or could have been asserted.

8.1.2.  The parties to be released are the Defendants and all past and present officers, directors, shareholders, employees, agents, attorneys, insurers, direct and indirect subsidiaries, affiliates, parents, and joint ventures of the defendants, including but not limited to: Jon F. Hemingway and Edward A. DeNike (the "Released Parties").

8.1.3.  This release includes all claims for attorneys' fees and costs incurred by Releasing Class Members or by Class Counsel or counsel in the state court action in connection with the Litigation and Related Litigation and the Settlement of the Litigation and Related Litigation.

8.1.4.  This Release excludes any and all claims related to or in connection with claims for compensation arising from injuries or damages that occurred as a result of or in the course of working for Shippers.

8.2  The Releasing Class Members shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing, or prosecution of any suit, action, and/or proceeding, against the Released Parties, either directly or indirectly, on their own behalf, on behalf of a class, or on behalf of any other person or entity with respect to the claims, causes of action, and/or any other matters released through this Agreement.

8.3  The Releasing Class Members acknowledge that they are familiar with Section 1542 of the Civil Code of the State of California, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Class Members, being aware of this Section, expressly waive and relinquish all rights and benefits to Section 1542 of the Civil Code of the State of California, as well as any other statutes or common law principles of any other jurisdiction to similar effect.

### 9.    DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

9.1    Upon Execution of this Agreement, Class Counsel shall apply to the Court for the entry of an order granting preliminary approval of the Settlement, substantially in the following form:

9.1.1.    Scheduling a final fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the proposed Class;

9.1.2.    Approving as to form and content the proposed Notice;

9.1.3.    Directing the mailing of the Notice by first class mail to the Class Members;

9.1.4.    Preliminarily approving the Settlement; and

9.1.5.    Approving C. Joe Sayas, Jr., Karl P. Evangelista, Matthew B. Hayes, and Kye D. Pawlenko, Attorneys at Law as Class Counsel, and approving Gilardi & Co. LLC as the Claims Administrator.

9.2    Defendants shall cooperate with Class Counsel as necessary and reasonable to obtain preliminary approval.

### 10.    DUTIES OF THE PARTIES FOLLOWING PRELIMINARY COURT APPROVAL

10.1    Following preliminary approval by the Court of the Settlement, Class Counsel will submit a proposed Final Judgment. The proposed Final Judgment shall:

10.1.1. Approve the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate and directing consummation of its terms and provisions;

10.1.2. Approve an award of Attorneys' Fees and Costs to Class Counsel;

10.1.3. Approve Incentive Awards to the Named Plaintiffs;

10.1.4. Permanently bar and enjoin the Releasing Class Members from instituting or further prosecuting any of the Released Claims against Defendants.

10.2    Defendants shall cooperate with Class Counsel as necessary and reasonable to obtain final approval and the Court's final judgment.

## 11.    MUTUAL FULL COOPERATION

11.1    The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including, but not limited to, execution of all necessary documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement. As soon as practicable after Execution of this Settlement, Class Counsel shall, with the assistance and cooperation of Defendants and its counsel, take all necessary steps to secure the Court's Final Judgment.

11.2    If a Party cannot reasonably comply with an obligation under this Agreement by the deadline set forth herein applicable to that obligation, that Party may apply to the Court for a reasonable extension of time to fulfill that obligation. Consent to such a request for an extension will not be unreasonably withheld by the other Parties.

11.3    The Parties agree not to disparage any other party involved in the Litigation and take no action, including in any other litigation, which is intended, or would reasonably be expected, to harm the other parties or their reputation or which would reasonably be expected to lead to unwanted or unfavorable findings against or unfavorable publicity to the other party.

## 12.    STATEMENT OF NO ADMISSION

12.1    Nothing contained in this Agreement shall be construed or deemed an admission of liability, culpability, or wrongdoing on the part of Defendants, and Defendants deny liability therefor. Nor shall this Agreement constitute an admission by Defendants as to any interpretation of laws or as to the merits, validity, or accuracy of any claims made against it in the Litigation and/or Related Litigation. Likewise, nothing in this Agreement shall be construed or deemed an admission with regards to the validity of any of Defendants' defenses or affirmative defenses. Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

12.2    This Agreement, and all related documents, and all other actions taken in implementation of the Settlement, including any statements, discussions, or communications, and any materials prepared, exchanged, issued, or used during the course of the negotiations leading to this Agreement are settlement documents and shall be inadmissible in evidence and shall not be used for any purpose in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, including any wage and hour or other litigation against Defendants, for any purpose, except in an action or proceeding to approve, interpret, or enforce the terms of this Agreement.

12.3    The class list, the calculations by the Claims Administrator, and any other evidence produced or created by any Class Member in connection with the claims resolutions procedures pursuant to this Settlement, or other evidence, do not constitute, are not intended to constitute, and will not be deemed to constitute an admission by Defendants of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity.

12.4    In the event that this Agreement is not approved by the Court, or otherwise fails to become effective and enforceable, or is terminated, Defendants will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Litigation and Related Litigation.

## 13.      VOIDING THE AGREEMENT

13.1    In the event that this Settlement is not approved, or if for any reason the Settlement Effective Date does not occur, the Settlement shall be deemed null, void and unenforceable and shall not be used, nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, including without limitation any wage and hour, or other, litigation against Defendants.

13.2    In the event that the Court does not approve the Attorneys' Fees and Costs in the amount requested by Class Counsel, or in the event that the Attorneys' Fees and Costs requested by Class Counsel is reduced, that finding shall not be a basis for rendering the Agreement null, void, or unenforceable. Class Counsel retains their right to appeal any decision by the Court regarding the Attorneys' Fees and Costs.

## 14.      PARTIES' AUTHORITY

14.1    The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## 15.      NO PRIOR ASSIGNMENTS

15.1    The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## 16.      NOTICE TO PARTIES

16.1    Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of: (1) the date given, if given by hand delivery; (2) within one business day, if sent by overnight delivery services such as Federal Express or similar courier; or (3) the third business day after mailing by United States registered or certified mail, return receipt requested. All notices given under this Agreement shall be addressed as follows:

16.1.1.  To the Class:

C. Joe Sayas, Jr.
Karl P. Evangelista
LAW OFFICES OF C. JOE SAYAS, JR.
500 N. Brand Blvd., Suite 980
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955
cjs@joesayaslaw.com
kpe@joesayaslaw.com

Matthew B. Hayes
Kye D. Pawlenko
HAYES PAWLENKO LLP
595 East Colorado Blvd., Suite 303
Pasadena, California 91101
Telephone: (626) 808-4357
Facsimile: (626) 921-4932
mhayes@helpcounsel.com
kpawlenko@helpcounsel.com

16.1.2.  To Shippers:

James J. McMullen, Jr.
Stacey M. Cooper
Tara J. Gillman
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
jmcmullen@gordonrees.com
scooper@gordonrees.com
tgillman@gordonrees.com

16.1.3.  To SSA Marine:

Marc M. Seltzer
Steven G. Sklaver
Krysta Kauble Pachman
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
kpachman@susmangodfrey.com

Ian M. Gore
SUSMAN GODFREY L.L.P.
560 Lexington Ave., 15th Floor
New York, New York 10022
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
igore@susmangodfrey.com

## 17.      CONFIDENTIALITY

17.1   The terms of the negotiations of this Settlement will remain strictly confidential and shall not be discussed with anyone other than the Parties of record, their accountants and financial or tax advisors, counsel of record, or their retained consultants.

17.2 Any confidentiality associated with the terms of this Settlement shall expire upon the filing by Class Counsel of the Motion for Preliminary Approval with the Court, except that the terms of the negotiations and discussions preceding submission of the Settlement to the Court for preliminary approval, and any further negotiations and discussions between the time of preliminary approval and final approval shall remain strictly confidential, unless otherwise agreed to by the Parties or unless otherwise ordered by the Court.

## 18.     DOCUMENTS AND DISCOVERY

18.1 Within sixty (60) days after the Settlement Effective Date, each of Class Counsel shall take steps necessary to destroy or erase all documents and data produced by Defendants to Class Counsel in connection with this Litigation and Related Litigation, and which are currently in Class Counsel's possession, custody or control, including documents and data in the possession, custody or control of their retained experts and consultants. Class Counsel shall certify to Defendants their good faith efforts to comply with this provision.

## 19.     MISCELLANEOUS PROVISIONS

19.1 <u>Construction</u>. The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or her or his counsel participated in the drafting of this Agreement.

19.2 <u>Captions and Interpretations</u>. Section titles or captions contained in this Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision. Each term of this Agreement is contractual and not merely a recital.

19.3 <u>Modification</u>. This Settlement may not be changed, altered, or modified, except in a writing signed by the Parties, and approved by the Court. Notwithstanding the forgoing, the Parties agree that any dates contained in this Agreement may be modified by agreement of the Parties without Court approval if the Parties agree and cause exists for such modification. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

19.4 <u>Integration Clause</u>. This Agreement, the Exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Litigation and Related Litigation, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a Party or such Party's legal counsel, are merged in this Agreement, except that this Agreement shall not supersede nor replace any separate agreement required to resolve with prejudice the action identified in Section 5.3.1. No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced.

19.5 <u>Enforcement</u>. This Agreement will be enforceable pursuant to California Code of Civil Procedure Section 664.6 and/or its federal counterpart. The Court will retain continuing

jurisdiction over the Parties and the Class Settlement Amount to enforce the terms of this Agreement and will retain jurisdiction over the Parties, the Class Settlement Amount and the Claims Administrator for purposes of effectuating the Agreement.

19.6   <u>Binding on Assigns</u>. This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

19.7   <u>Class Counsel and Named Plaintiff Signatories</u>. The Notice will provide all Class Members with a summary of the Settlement, and will advise all Class Members of the binding nature of the release. The Notice shall have the same force and effect as if this Settlement were executed by each Class Member.

19.8   <u>Counterparts and Electronic Signatures</u>. This Agreement may be executed by facsimile signature, pdf signature, or signature in compliance with the Uniform Electronic Transaction Act, and in any number of counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

19.9   <u>Class Action Fairness Act</u>.  No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Defendants will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b).

19.10  <u>Applicable Law</u>. This Agreement shall be governed by California law without regard to its choice of law or conflicts of law principles or provisions.

<b>Individually and on behalf of the Class</b>

Dated: _____               _____

                                         Bruce Brown, on behalf himself and the Class

Dated: _____               _____

                                         Grayling Taylor, on behalf of himself

<b>On Behalf of Plaintiffs and the Class</b>

Dated: _____               LAW OFFICES OF C. JOE SAYAS, JR.

                                         By:_____
                                             C. Joe Sayas, Jr.

jurisdiction over the Parties and the Class Settlement Amount to enforce the terms of this Agreement and will retain jurisdiction over the Parties, the Class Settlement Amount and the Claims Administrator for purposes of effectuating the Agreement.

19.6   Binding on Assigns. This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

19.7   Class Counsel and Named Plaintiff Signatories. The Notice will provide all Class Members with a summary of the Settlement, and will advise all Class Members of the binding nature of the release. The Notice shall have the same force and effect as if this Settlement were executed by each Class Member.

19.8   Counterparts and Electronic Signatures. This Agreement may be executed by facsimile signature, pdf signature, or signature in compliance with the Uniform Electronic Transaction Act, and in any number of counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

19.9   Class Action Fairness Act. No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Defendants will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b).

19.10   Applicable Law. This Agreement shall be governed by California law without regard to its choice of law or conflicts of law principles or provisions.

**Individually and on behalf of the Class**

Dated:   $2 - 27 - 15$

Bruce Brown, on behalf himself and the Class

Dated:

Grayling Taylor, on behalf of himself

**On Behalf of Plaintiffs and the Class**

Dated:   $2/27/15$

LAW OFFICES OF C. JOE SAYAS, JR.

By:

Page 21

jurisdiction over the Parties and the Class Settlement Amount to enforce the terms of this Agreement and will retain jurisdiction over the Parties, the Class Settlement Amount and the Claims Administrator for purposes of effectuating the Agreement.

19.6 <u>Binding on Assigns</u>. This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

19.7 <u>Class Counsel and Named Plaintiff Signatories</u>. The Notice will provide all Class Members with a summary of the Settlement, and will advise all Class Members of the binding nature of the release. The Notice shall have the same force and effect as if this Settlement were executed by each Class Member.

19.8 <u>Counterparts and Electronic Signatures</u>. This Agreement may be executed by facsimile signature, pdf signature, or signature in compliance with the Uniform Electronic Transaction Act, and in any number of counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

19.9 <u>Class Action Fairness Act</u>. No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Defendants will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b).

19.10 <u>Applicable Law</u>. This Agreement shall be governed by California law without regard to its choice of law or conflicts of law principles or provisions.

**Individually and on behalf of the Class**

Dated:

Bruce Brown, on behalf himself and the Class

Dated: 2/27/15

Grayling Taylor, on behalf of himself

**On Behalf of Plaintiffs and the Class**

Dated: 2/27/15

LAW OFFICES OF C. JOE SAYAS, JR.

By:

jurisdiction over the Parties and the Class Settlement Amount to enforce the terms of this Agreement and will retain jurisdiction over the Parties, the Class Settlement Amount and the Claims Administrator for purposes of effectuating the Agreement.

19.6 <u>Binding on Assigns</u>. This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

19.7 <u>Class Counsel and Named Plaintiff Signatories</u>. The Notice will provide all Class Members with a summary of the Settlement, and will advise all Class Members of the binding nature of the release. The Notice shall have the same force and effect as if this Settlement were executed by each Class Member.

19.8 <u>Counterparts and Electronic Signatures</u>. This Agreement may be executed by facsimile signature, pdf signature, or signature in compliance with the Uniform Electronic Transaction Act, and in any number of counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

19.9 <u>Class Action Fairness Act</u>.  No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Defendants will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b).

19.10 <u>Applicable Law</u>. This Agreement shall be governed by California law without regard to its choice of law or conflicts of law principles or provisions.

**Individually and on behalf of the Class**

Dated: _____

_____
Bruce Brown, on behalf himself and the Class

Dated: _____

_____
Grayling Taylor, on behalf of himself

**On Behalf of Plaintiffs and the Class**

Dated: 2/27/15

Law Offices Of C. Joe Sayas, Jr.

By: _____

Page 21

Dated: 2/27/15

HAYES PAWLENKO LLP

By: _____
Matthew B. Hayes

**On Behalf of Defendants**

Dated:

_____
Kyle Lukins, Vice President-General
Counsel, SSA Marine, Inc. and
Shippers Transport Express, Inc.

Dated:

GORDON & REES LLP

By: _____
James J. McMullen, Jr., Counsel for
Shippers Transport Express, Inc.

Dated: February 27, 2015

SUSMAN GODFREY L.L.P.

By: _____
Steven G. Sklaver, Counsel for SSA
Marine, Inc.

Dated:

              HAYES PAWLENKO LLP


              By:_____
                 Matthew B. Hayes


**On Behalf of Defendants**

Dated:

              Kyle Lukins, Vice President-General
              Counsel, SSA Marine, Inc. and
              Shippers Transport Express, Inc.


Dated:

              GORDON & REES LLP


              By:_____
                James J. McMullen, Jr., Counsel for
                Shippers Transport Express, Inc.


Dated: February 27, 2015

              SUSMAN GODFREY L.L.P.


              By:_____
                Steven G. Sklaver, Counsel for SSA
                Marine, Inc.

# EXHIBIT 1

List of timely Requests for Exclusion

|    | First Name        | Last Name          |
|----|-------------------|--------------------|
| 1  | CRUZ EDGARDO      | AGUILAR            |
| 2  | JESUS (JOSE)      | ALVAREZ GALLEGOS   |
| 3  | ROBERTO           | BONILLA            |
| 4  | DAVID             | CABADAS            |
| 5  | JOSE ERIC         | CACERES            |
| 6  | MOISES            | CALIX              |
| 7  | JOSE ANTONIO      | ESTRADA            |
| 8  | RENATO PEIXOTO    | FERRANTE           |
| 9  | DILLINGER         | GONZALEZ           |
| 10 | OSCAR             | MARMOL             |
| 11 | OTTO              | MARTINEZ           |
| 12 | HERNAN ROBLETO    | OROCHELA           |

# EXHIBIT 2

1

2

3

4                              **EXHIBIT 2**

5

6

7

8

9                  **UNITED STATES DISTRICT COURT**

10                **CENTRAL DISTRICT OF CALIFORNIA**

11

12   GRAYLING   TAYLOR,   an  individual,   | Case No. 13-cv-02092-BRO (PLAx)
     and BRUCE BROWN, an individual on       |
13   behalf  of  himself  and  others similarly | **NOTICE OF PROPOSED**
     situated,                               | **SETTLEMENT AND MOTION**
14                                           | **FOR ATTORNEYS' FEES AND**
                         Plaintiffs,         | **EXPENSES**
15
     vs.
16
     SHIPPERS   TRANSPORT   EXPRESS
17   INC.,  a  California  corporation,  SSA
     MARINE, a Washington corporation, and
18   DOES 1 to 10, inclusive,

19                        Defendants.

20

21

22

23

24

25

26

27

28

3493954v1/014444

**IF YOU SIGNED A TRUCK LEASE AGREEMENT WITH SHIPPERS TRANSPORT EXPRESS, INC., IN CALIFORNIA, YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

The purpose of this Notice is to inform you of (a) the proposed settlement of a class action (the "Action"); (b) the hearing to be held by the Court to consider (i) whether the settlement should be approved; (ii) the application of plaintiffs' counsel for attorneys' fees and expenses; and (iii) certain other matters (the "Settlement Hearing").  This Notice describes important rights you may have to participate in the settlement.

- If approved by the Court, the Settlement will provide a $11,040,000 cash settlement fund for the benefit of Class Members (the "Class Settlement Amount").[1]

- The Settlement resolves claims by Named Plaintiffs asserted on behalf of the Class (defined below) that Defendants (defined below) violated California Labor laws; pays money to drivers like you; and releases the Released Parties (defined below) from liability.

- Your legal rights are affected whether you act or do not act.  Read this Notice carefully.

- The Court will review the Settlement at the Settlement Hearing to be held on _____, 2015.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will receive a settlement payment |

---

[1] All capitalized terms used in this Notice are defined in the Stipulation and Agreement of Settlement (the "Agreement"), dated February 27, 2015.

| | based on the calculation set forth in this Notice, you will release certain claims, and you will be bound by the Settlement. |
|---|---|
| **OBJECT BY _____, 2015** | Write to the Court about why you oppose the Settlement. *See* Section F for details. |
| **GO TO A HEARING ON _____, 2015** | Ask to speak in Court about the Settlement at the Settlement Hearing. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals, if any, are resolved.  Please be patient.

## SUMMARY OF THIS NOTICE

**a)   Statement of Plaintiffs' Recovery**

Pursuant to this Settlement, a Class Settlement Amount consisting of $11,040,000 in cash has been established.  A Class Member's actual recovery will be a portion of the Net Settlement Amount, determined in accordance with the Plan of Allocation. *See* the Plan of Allocation in Question 21 for information on your Individual Settlement Payment.

**b)       Statement of Potential Outcome if the Action Continued to Be Litigated**

The Parties disagree on both liability and damages and do not agree on the amount of damages, if any, that would be recoverable if Named Plaintiffs were to prevail on each claim alleged.  Named Plaintiffs maintain that certain deductions should not have been made on drivers' pay.  Defendants have denied and continue to deny any wrongdoing.  While the Named Plaintiffs believe that they have

meritorious claims, they recognize that there are significant obstacles in the way to recovery, and that if the Action were litigated to a conclusion, the Class might receive nothing.

**c)      Statement of Attorneys' Fees and Litigation Expenses Sought**

Class Counsel intend to make a motion asking the Court to award attorneys' fees in an amount equivalent to 1/3 of the Class Settlement Amount and, in addition, to approve payment of litigation expenses incurred to date in prosecuting this Action in an amount not to exceed $485,000 ("Fee and Expense Application").

Class Counsel have expended considerable time and effort in the prosecution of this hard-fought litigation without receiving any payment, and have advanced all of the expenses of the litigation, such as the costs of multiple experts, prolonged discovery and investigation, with the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery.  In this type of litigation it is reasonable and customary for counsel to be awarded a percentage of the common fund recovered as attorneys' fees.

**d)      Incentive Awards**

Class Counsel also intends to make a motion for Incentive Awards in the amount of $15,000 each to the Named Plaintiffs, Bruce Brown and Grayling Taylor, $10,000 to active Class Member Elroy Lambey, and $7,500 to active Class Member Mario Giron.  These payments will be in addition to the amount they will receive in their Individual Settlement Payments.  These payments are to compensate these individuals for the time and expense they incurred in acting as an intermediary with Class Members, assisting Class Counsel in investigating and obtaining evidence, responding to discovery, attending court hearings, and

participating in mediations.

**e)     Private Attorney General Act Payment**

One of the claims raised by Named Plaintiffs arose under the California Private Attorney General Act ("PAGA").  The Settlement allocates $50,000 to this claim.  PAGA requires 75% of this allocation to be paid to the California Labor and Workplace Development Agency ("LWDA").  The remaining 25% will revert to the Net Settlement Amount.

**f)     Further Information**

Further information regarding this Action and this Notice may be obtained by contacting the Claims Administrator, Gilardi & Co. LLC, who can be reached at toll free: (855) 445-2734 or via its website www.gilardi.com

**DO NOT CALL THE COURT WITH QUESTIONS**

**ABOUT THE SETTLEMENT**

**g)     Reasons for the Settlement**

For Named Plaintiffs, the principal reason for the Settlement is the immediate and substantial benefits provided to the Class.  These benefits must be compared to the risk of zero recovery after a contested trial and likely appeals, possibly years into the future, and collectability problems from the Defendants.

For Defendants, who vigorously deny and continue to deny all allegations of wrongdoing or liability whatsoever, the principal reason for the Settlement is to eliminate the burden, expense, uncertainty, and distraction of further litigation.

**A.     BASIC INFORMATION**

**1.     Why did I get this notice package?**

You signed a Truck Lease Agreement with Shippers Transport Express in

4

California.

The Court in charge of the case is the United States District Court for the Central District of California, Western Division ("the Court").  The lawsuit is known as *Grayling Taylor, et al. v. Shippers Transport Express, et al.,* Case No. CV 13-2092 BRO (PLAx) ("the Action"), and is assigned to the Honorable Beverly Reid O'Connell, United States District Judge.  The people who sued are called plaintiffs, and the companies and persons they sued are called defendants. The named plaintiffs ("Named Plaintiffs") are Bruce Brown and Grayling Taylor. Defendants are Shippers Transport Express, Inc. ("STE" or "Shippers") and SSA Marine, Inc. ("SSA") (together, "Defendants").

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.  The Court will review the Settlement at a Settlement Hearing on _____, 2015, at the Spring Street Courthouse, 312 N. Spring Street, Los Angeles, California 90012, at _____m in Courtroom 14.   If the Court approves the Settlement, and after any objections and appeals are resolved, the Claims Administrator will make the payments to members of the Class that the Settlement allows.

This Notice explains the Action, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how they will be distributed.

**2.      What is this lawsuit about?**

This action was initially filed by Named Plaintiffs in the Superior Court of California for the County of Los Angeles, against defendant STE.  On February 22, 2013, Named Plaintiffs filed a First Amended Complaint, which added SSA Marine as a named defendant.  On March 22, 2013, Defendant SSA Marine removed this action on the basis of diversity under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Plaintiffs originally asserted a variety of claims for alleged violations of the California labor laws, as well as claims under California's Unfair Competition Law (UCL), Bus. & Prof. Code § 17200, and under California's Private Attorneys General Act (PAGA), Labor Code § 2698, *et seq*.  The Court has certified the Class and granted partial summary judgment in plaintiffs' favor with regard to whether plaintiffs should have been classified as employees or independent contractors.  The Court denied summary judgment with regard to the issue of whether SSA is a joint employer with STE.

On _____, 2015, the Court entered its Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which preliminarily approved the Settlement, authorized that this Notice be sent to Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

**3.      Why is this a class action?**

In a class action, one or more people called class representatives (in this case, Bruce Brown) sue on behalf of people who have similar claims.  They are

known as Class Members.  Here, the Court certified the Class on March 10, 2014. Bringing a case as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring individually. One court resolves the issues for all class members, except for those who exclude themselves from the class.

## 4.    What are the reasons for the Settlement?

The Court did not finally decide in favor of Named Plaintiffs or Defendants. Instead, both sides agreed to a Settlement a few weeks before trial.  The Settlement came after nearly three years of litigation between the parties.  The Parties participated in a court-ordered mediation on July 25, 2014.  That all-day mediation did not result in a settlement. After experts' depositions were concluded and the parties prepared for trial, the parties were ordered by the Court to appear for a settlement conference before a federal magistrate judge on November 13, 2014. After a full day of negotiations, the parties eventually reached a settlement in principle.  On February 10, 2015, the parties again appeared for a settlement conference before a federal magistrate judge to finalize the terms of the Agreement.

Named Plaintiffs and Class Counsel believe that the claims asserted in the action have merit.  Named Plaintiffs and Class Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims in the action through trial and appeals, as well as the challenges in establishing liability and collecting any money from the Defendants even if liability is established.  Named Plaintiffs and Class Counsel have considered the uncertain outcome and the risk of any litigation, especially in complex lawsuits with

unsettled issues like this one, as well as the difficulties and delays inherent in such litigation.  For example, Defendants have raised a number of arguments and defenses, which they would raise at trial and on appeal.  Even assuming Named Plaintiffs could establish liability, Plaintiffs and Defendants disagree about whether there are any recoverable damages, how to calculate damages, the amounts of each category of damages, and whether Defendants have the resources to pay any adverse judgment, even if any such judgment were entered.  In the absence of a settlement, the Parties would present factual and expert testimony on each of these issues, and there is considerable risk that the Court would resolve the inevitable "battle of the experts" against Named Plaintiffs and the Class.

In light of the amount of the Settlement and the immediate recovery to the Class, Named Plaintiffs and Class Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  The Settlement, which totals $11.04 million in cash (less the various deductions described in this Notice), provides substantial benefits now as  compared to the risk that a similar or smaller recovery would be achieved after trial and appeal, possibly years in the future, or that there be  no recovery for the Class at all.

Defendants deny and continue to deny each and every one of the claims alleged by Named Plaintiffs in the Action.  Defendants expressly  denied and continue to deny any wrongdoing.  Defendants also have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation, and have concluded that it is desirable that the action be fully and finally settled upon the terms and conditions set forth in the Stipulation.

### B.  WHO IS IN THE SETTLEMENT

**5.      How do I know if I am part of the Settlement?**

The Class consists of all persons who (1) signed a Truck Lease Agreement with Shippers in California from January 31, 2008, through the date upon which the Court grants preliminary approval; (2) actually drove a Shippers truck without hiring others to perform work for Shippers; and (3) were classified by Shippers as independent contractors instead of employees.

**6.      Are there exceptions to being included in the Class?**

Excluded from the Class are (i) Defendants and their directors, officers, and agents and their related persons; and (ii) any person who would otherwise be a Class Member but who timely and validly excluded himself or herself from the Class by submitting a valid and timely request for exclusion.

**7.      What if I am still not sure if I am included?**

If you are still not sure whether you are included, you can ask for free help. You can call the Claims Administrator at (855) 445-2734 for more information.

**C.      THE SETTLEMENT BENEFITS—WHAT YOU GET**

**8.      What does the Settlement provide?**

In exchange for the Settlement and the release of the Released Claims (defined below) against the Released Parties (defined below), Defendants have agreed to create a $11.04 million cash fund, to be divided, after deduction of Court-awarded attorneys' fees and expenses, a payment to the California Labor and Workforce Development Agency, settlement administration costs, and any applicable taxes (the "Net Settlement Amount"), amongst all Class Members.

**9.      How much will my payment be?**

Class Members' share of the settlement fund will depend on how many weeks they actually worked for STE as a lease driver between January 31, 2008, and the date of preliminary approval ("Class Period") as reflected in Defendants' records.

Defendants' records show that you worked for Shippers as a lease driver for _____ weeks during the Class Period.  Based on your Workweeks and the maximum award amounts set forth in the settlement, your estimated award is $_____.

If you believe the above number of Workweeks is incorrect, you should send a letter to the Claims Administrator before _____, indicating what you believe the correct number of Workweeks and the dates you worked. You should send any documents or other information that support your belief that Defendants' records are incorrect.  The Claims Administrator will have the final authority to resolve any dispute based upon Defendants' records and any information you provide.

Your payment will be treated as 25 percent wages, for which you will receive a W-2; the remaining 75 percent will be penalties and interest, for which you will receive a Form 1099. You are responsible for paying your taxes on any amount you receive.  This Notice is not tax advice, and you should consult your tax advisor.  Checks will be valid for 180 days.  Upon the expiration of 180 days,

the proceeds of all unclaimed funds and uncashed checks shall be paid by the Claims Administrator to the Class Members that cashed the checks they received for their Individual Settlement Payments on a *pro rata* basis. Class Counsel do not provide tax or financial advice and you are advised to seek independent professional advice as to the tax or financial consequences of any recovery obtained on behalf of Class Members.

*See* the Plan of Allocation in Question 21 for more information on your Individual Settlement Payment.

## D.   HOW YOU GET A PAYMENT

### 10.   How can I receive a payment?

**<u>To receive a payment, you do not need to do anything</u>**.  You will receive a payment because you are an identified member of the Class.  If you have any questions regarding your eligibility to receive an Individual Settlement Payment, you should contact the Claims Administrator.

If you have moved recently, contact the Claims Administrator at (855) 445-2734 to provide an updated address.

### 11.   When will I get my payment?

The Individual Settlement Payments will be distributed only if the Court approves the Settlement.  The Court will hold a Settlement Hearing on _____, 2015, to decide whether to approve the Settlement.  Even if the Court approves the Settlement, however, there may still be appeals of that

approval order, which can take additional time to resolve, which can last for more than a year.

Please be patient because the claims administration process takes time.

**12.    What am I giving up to get a payment?**

Upon the Settlement Effective Date you will release all Released Claims (as defined below) against the Released Parties (as defined below).

Released Claimsare any and all claims, rights, demands, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state or common law, whether class, representative, or individual in nature, that Plaintiffs or any other Class Member: (i) asserted in the Action or related actions; or (ii) could have asserted in the Action and/or related actions or in any other action or in any forum against Defendants based on the facts alleged or asserted or referred to in any of the pleadings and/or papers filed in the Action or related actions.

Unknown Claims are any and all Released Claims that any Named Plaintiff or other Class Member does not know or suspect to exist in his or her favor at the time of the execution of this Settlement Agreement, which if known by him or her might have affected his or her decision with respect to the Settlement, including the decision of a Named Plaintiff or other Class Member to object to the terms of the Settlement or to exclude himself or herself from the Class.  Solely with respect to any and all Released Claims, the Parties stipulate and agree that, upon the Settlement Effective Date, the Named Plaintiffs and Defendants shall expressly, and each other Class Member shall be deemed to have, and by operation of the Final Judgment shall have, to the fullest extent permitted by law, expressly waived

and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Named Plaintiffs, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but the Named Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have settled and released, and upon the execution of the Settlement Agreement and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material term of the Settlement.

Released Parties are Defendants and all past and present officers, directors, shareholders, employees, agents, attorneys, insurers, direct and indirect subsidiaries, affiliates, parents, and joint ventures of Defendants, including but not limited to:  Jon F. Hemingway and Edward A. DeNike.

The Settlement Effective Date will occur when an Order by the Court approving the Settlement becomes Final and is not subject to appeal as set out more fully in the Stipulation on file with the Court.

As a member of the Class, all of the Court's orders about the Settlement will apply to you and legally bind you.  For more information regarding the scope of the release, including specific claims being released and specific claims not being released, refer to the Stipulation.

## E.    THE LAWYERS REPRESENTING YOU

**13.    Do I have a lawyer in this case?**

The Court appointed C. Joe Sayas, Jr. and Matthew Hayes as Class Counsel. You will not be separately charged for these lawyers.  The Court will determine the amount of Class Counsel's fees and expenses, which will be paid from the Class Settlement Amount.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.    How will the lawyers be paid?**

Class Counsel has not received any payment for their services in pursuing the claims in the Action on behalf of the Class, nor have they been paid for their litigation expenses.  At the Settlement Hearing, or at such other time as the Court may order, Class Counsel will ask the Court to award them, from the Class Settlement Amount, attorneys' fees in an amount representing 1/3 of the Class Settlement Amount, and litigation expenses that have been incurred in pursuing the Action.  The request for litigation expenses will not exceed $485,000.

## F.    OBJECTING TO THE SETTLEMENT

**15.    How do I tell the Court that I do not like the proposed Settlement?**

If you are a Class Member you can object to the Settlement or any of its terms, the proposed Plan of Allocation, or the application by Class Counsel for an award of fees and expenses.  You may write to the Court setting out your

14

objection.  You may give reasons why you think the Court should not approve any part or all of the Settlement terms or arrangements.  The Court will only consider your views if you file a proper written objection within the deadline and according to the following procedures.  To object, you must send a signed letter stating that you "object to the proposed settlement in *Taylor v. Shippers Transport Express, Case No. CV 13-2092 BRO (PLAx)*."  You must include your name, address, telephone number, and your signature, and state the reasons why you object to the Settlement.  You may use an attorney of your choosing, at your expense, to submit an objection letter.  **Unless otherwise ordered by the Court, any Class Member who does not object in the manner described herein will be deemed to have waived any objections and shall be forever foreclosed from making any objections to the Settlement or the application for attorneys' fees and expenses.**

Your objection must be filed with the Court and mailed or delivered to all the following so that it is received on or before _____, 2015:

**COURT:**

Clerk of the Court

United States District Court of the Central District of California

Spring Street Courthouse

312 North Spring Street

Los Angeles, California 90012

**CLASS COUNSEL DESIGNEE:**

C. Joe Sayas, Jr.                                         Matthew Hayes

Law Offices of C. Joe Sayas, Jr.                         Hayes Pawlenko

500 N. Brand Blvd. Suite 980                    595 E. Colorado Blvd., Suite 303

Glendale  CA 91203                             Pasadena, CA  91101

**SSA MARINE'S COUNSEL DESIGNEE:**

Susman Godfrey, LLP

Marc M. Seltzer

Steven G. Sklaver

Krysta Kauble Pachman

1901 Avenue of the Stars, Suite 950

Los Angeles, CA  90067

**STE'S COUNSEL DESIGNEE:**

GORDON & REES LLP

James J. McMullen, Jr.

Stacey M. Cooper

Tara J. Gillman

101 W. Broadway, Suite 2000

San Diego, CA 92101

G.     THE SETTLEMENT HEARING

**16.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing at __:___ ___.m. on _____, 2015, at the United States District Court of the Central District of California, Spring Street Courthouse, 312 North Spring Street Los Angeles, California 90012 in Courtroom 14.  At this hearing, the Hon. Beverly Reid O'Connell, United States District Judge, will consider whether the Settlement

is fair, reasonable, and adequate. The Court also will consider the proposed Plan of Allocation for the Net Settlement Amount, the application of Class Counsel for attorneys' fees and reimbursement of expenses, and the application for incentive compensation awards to Named Plaintiffs. The Court will take into consideration any written objections filed in accordance with the instructions set out in Question 15 above. The Court also may listen to people who have properly indicated, within the Court's deadline identified above, an intention to speak at the Settlement Hearing, but decisions regarding the conduct of the Settlement Hearing will be made by the Court. *See* Question 18 for more information about speaking at the Settlement Hearing. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement, and, if the Settlement is approved, how much attorneys' fees and expenses and incentive compensation should be awarded. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to the Class. If you want to come to the hearing, you should check with Class Counsel before coming to be sure that the date or time has not changed.

## 17.   Do I have to come to the Settlement Hearing?

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval. If you submit an objection, you do not have to come to Court to talk about it. As long as you filed and sent your written objection on time, and in the manner set forth in Question 15 above, the Court will consider it. You may also pay your own lawyer

to attend, but it is not necessary.

**18.    May I speak at the Settlement Hearing?**

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 15 above) a statement stating that it is your "Notice of Intention to Appear in *Taylor v. Shippers Transport Express*., Case No. CV 13-2092 BRO (PLAx)."  Persons who intend to object to the Settlement, the Plan of Allocation, or Class Counsel's Fee and Expense Application and desire to present evidence at the Settlement Hearing must also include in their written objections the identity of any witness they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  You may have an attorney of your choosing, at your expense, speak on your behalf.  Unless the Court orders otherwise, you cannot speak at the Settlement Hearing if you have not provided written notice of your objection and intention to speak at the Settlement Hearing in accordance with the procedures described in Questions 15 and 18.

## H.    IF YOU DO NOTHING

**19.    What happens if I do nothing at all?**

If you do nothing and the Settlement is approved and you are a member of the Class, **you will get money from this Settlement** and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Parties about the Released Claims, ever again.

## I.    GETTING MORE INFORMATION

**20.     Are there more details about the proposed Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation, dated February 27, 2015.  You may review the Stipulation filed with the Court or documents filed in the case during business hours at the Office of the Clerk of the United States District Court of the Central District of California Spring Street Courthouse, 312 North Spring Street, Los Angeles, California 90012. You also can call the Claims Administrator toll free at (855) 445-2734; or write to _____.

**Please Do Not Call The Court With Questions About The Settlement**

**J.     PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

**21.     How will my claim be calculated?**

As discussed in this Notice, a settlement has been reached in this Action, which provides $11.04 million in cash for the benefit of the Class.  The Net Settlement Amount will be distributed to the Class Members in accordance with the Plan of Allocation which may be approved, or modified by the Court without additional notice to the Class.

The objective of the Plan of Allocation of the Net Settlement Amount is to establish a reasonable and equitable method of distributing the Net Settlement Amount among Class Members. The formula below provides the basis on which the Net Settlement Amount will be distributed among Class Members:

(a)     The Claims Administrator shall calculate the total aggregate number of Workweeks that all Class Members worked during the Class Period.

(b)   The proceeds of the Net Settlement Amount shall be divided by the total Workweeks, resulting in the "Workweek Point Value".

(c)   An "Individual Settlement Payment" amount for each Class Member shall then be determined by multiplying the individual Class Member's number of Workweeks by the Workweek Point Value.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Class Settlement Amount, the distribution of the Net Settlement Amount, the Plan of Allocation or the payment of any Individual Settlement Payment.  Named Plaintiffs and Class Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

If the Net Settlement Amount exceeds the sum total amount of the Individual Settlement Payments of all Class Members entitled to receive payment out of the Net Settlement Amount, the excess amount in the Net Settlement Amount shall be distributed *pro rata* to all Class Members entitled to receive payment.

Dated:  March __, 2015

_____
Beverly Reid O'Connell
UNITED STATES DISTRICT JUDGE

# EXHIBIT 3

1
2
3
4

**EXHIBIT 3**

5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

12
13
14
15
16
17
18
19

| | |
|---|---|
| GRAYLING TAYLOR, an individual, and BRUCE BROWN, an individual on behalf of himself and others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>SHIPPERS TRANSPORT EXPRESS INC., a California corporation, SSA MARINE, a Washington corporation, and DOES 1 to 10, inclusive,<br><br>        Defendants. | Case No. 13-cv-02092-BRO (PLAx)<br><br>**NOTICE OF PROPOSED SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

20
21
22
23
24
25
26
27
28

**IF YOU SIGNED A TRUCK LEASE AGREEMENT WITH SHIPPERS TRANSPORT EXPRESS, INC., IN CALIFORNIA, YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

The purpose of this Notice is to inform you of (a) the proposed settlement of a class action (the "Action"); (b) the hearing to be held by the Court to consider (i) whether the settlement should be approved; (ii) the application of plaintiffs' counsel for attorneys' fees and expenses; and (iii) certain other matters (the "Settlement Hearing").  This Notice describes important rights you may have to participate in the settlement.

- If approved by the Court, the Settlement will provide a $11,040,000 cash settlement fund for the benefit of Class Members (the "Class Settlement Amount").[1]

- The Settlement resolves claims by Named Plaintiffs asserted on behalf of the Class (defined below) that Defendants (defined below) violated California Labor laws; pays money to drivers like you; and releases the Released Parties (defined below) from liability.

- Your legal rights are affected whether you act or do not act.  Read this Notice carefully.

- The Court will review the Settlement at the Settlement Hearing to be held on _____, 2015.

---

[1]  All capitalized terms used in this Notice are defined in the Stipulation and Agreement of Settlement (the "Agreement"), dated February 27, 2015.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will receive a settlement payment based on the calculation set forth in this Notice, you will release certain claims, and you will be bound by the Settlement. |
| **REQUEST EXCLUSION FROM THE SETTLEMENT BY _____, 2015** | Submit a written request to be excluded from the Settlement to the Claims Administrator.  You will <u>NOT</u> receive a settlement payment if you request exclusion.  See Section F for details. |
| **OBJECT BY _____, 2015** | Write to the Court about why you oppose the Settlement. *See* Section G for details. |
| **GO TO A HEARING ON _____, 2015** | Ask to speak in Court about the Settlement at the Settlement Hearing. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals, if any, are resolved.  Please be patient.

### SUMMARY OF THIS NOTICE

a)     **Statement of Plaintiffs' Recovery**

Pursuant to this Settlement, a Class Settlement Amount consisting of $11,040,000 in cash has been established.  A Class Member's actual recovery will be a portion of the Net Settlement Amount, determined in accordance with the Plan of Allocation. *See* the Plan of Allocation in Question 22 for information on your Individual Settlement Payment.

b)     **Statement of Potential Outcome if the Action Continued to Be Litigated**

The Parties disagree on both liability and damages and do not agree on the

amount of damages, if any, that would be recoverable if Named Plaintiffs were to prevail on each claim alleged.  Named Plaintiffs maintain that certain deductions should not have been made on drivers' pay.  Defendants have denied and continue to deny any wrongdoing.  While Named Plaintiffs believe that they have meritorious claims, they recognize that there are significant obstacles in the way to recovery, and that if the Action were litigated to a conclusion, the Class might receive nothing.

**c)      Statement of Attorneys' Fees and Litigation Expenses Sought**

Class Counsel intend to make a motion asking the Court to award attorneys' fees in an amount equivalent to 1/3 of the Class Settlement Amount and, in addition, to approve payment of litigation expenses incurred to date in prosecuting this Action in an amount not to exceed $485,000 ("Fee and Expense Application").

Class Counsel have expended considerable time and effort in the prosecution of this hard-fought litigation without receiving any payment, and have advanced all of the expenses of the litigation, such as the costs of multiple experts, prolonged discovery and investigation, with the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery.  In this type of litigation it is reasonable and customary for counsel to be awarded a percentage of the common fund recovered as attorneys' fees.

**d)      Incentive Awards**

Class Counsel also intends to make a motion for Incentive Awards in the amount of $15,000 each to the Named Plaintiffs, Bruce Brown and Grayling Taylor, $10,000 to active Class Member Elroy Lambey, and $7,500 to active Class Member Mario Giron.  These payments will be in addition to the amount they will

receive in their Individual Settlement Payments.  These payments are to compensate these individuals for the time and expense they incurred in acting as an intermediary with Class Members, assisting Class Counsel in investigating and obtaining evidence, responding to discovery, attending court hearings, and participating in mediations.

**e)     Private Attorney General Act Payment**

One of the claims raised by Named Plaintiffs arose under the California Private Attorney General Act ("PAGA").  The Settlement allocates $50,000 to this claim.  PAGA requires 75% of this allocation to be paid to the California Labor and Workplace Development Agency ("LWDA").  The remaining 25% will revert to the Net Settlement Amount.

**f)  Further Information**

Further information regarding this Action and this Notice may be obtained by contacting the Claims Administrator, Gilardi & Co. LLC, who can be reached at toll free: (855) 445-2734 or via  its website:  www.gilardi.com

**DO NOT CALL THE COURT WITH QUESTIONS**

**ABOUT THE SETTLEMENT**

**g)     Reasons for the Settlement**

For Named Plaintiffs, the principal reason for the Settlement is the immediate and substantial benefits provided to the Class.  These benefits must be compared to the risk of zero recovery after a contested trial and likely appeals, possibly years into the future, and collectability problems from the Defendants.

For Defendants, who vigorously deny and continue to deny all allegations of wrongdoing or liability whatsoever, the principal reason for the Settlement is to

4

eliminate the burden, expense, uncertainty, and distraction of further litigation.

## A.   BASIC INFORMATION

### 1.   Why did I get this notice package?

You signed a Truck Lease Agreement with Shippers Transport Express in California.

The Court in charge of the case is the United States District Court for the Central District of California, Western Division ("the Court").  The lawsuit is known as *Grayling Taylor, et al. v. Shippers Transport Express, et al.,* Case No. CV 13-2092 BRO (PLAx) ("the Action"), and is assigned to the Honorable Beverly Reid O'Connell, United States District Judge.  The people who sued are called plaintiffs, and the companies and persons they sued are called defendants. The named plaintiffs ("Named Plaintiffs") are Bruce Brown and Grayling Taylor. Defendants are Shippers Transport Express, Inc. ("STE" ) and SSA Marine, Inc. ("SSA Marine") (together, "Defendants").

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.  The Court will review the Settlement at a Settlement Hearing on _____, 2015, at the Spring Street Courthouse, 312 N. Spring Street, Los Angeles, California 90012, at _____m. in Courtroom 14.   If the Court approves the Settlement, and after any objections and appeals are resolved, the Claims Administrator will make the payments to members of the Class that the Settlement allows.

This Notice explains the Action, the Settlement, Class Members' legal

5

rights, what benefits are available, who is eligible for them, and how they will be distributed.

**2.     What is this lawsuit about?**

This action was initially filed by Named Plaintiffs in the Superior Court of California for the County of Los Angeles, against defendant STE.  On February 22, 2013, Named Plaintiffs filed a First Amended Complaint, which added SSA Marine as a named defendant.  On March 22, 2013, Defendant SSA Marine removed this action on the basis of diversity under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Plaintiffs originally asserted a variety of claims for alleged violations of the California labor laws, as well as claims under California's Unfair Competition Law (UCL), Bus. & Prof. Code § 17200, and under California's Private Attorneys General Act (PAGA), Labor Code § 2698, *et seq.*  The Court has certified the Class and granted partial summary judgment in plaintiffs' favor with regard to whether plaintiffs should have been classified as employees or independent contractors.  The Court denied summary judgment with regard to the issue of whether SSA is a joint employer with STE.

On _____, 2015, the Court entered its Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which preliminarily approved the Settlement, authorized that this Notice be sent to Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

### 3.      Why is this a class action?

In a class action, one or more people called class representatives (in this case, Bruce Brown) sue on behalf of people who have similar claims.  They are known as Class Members.  Here, the Court certified the Class on March 10, 2014. Bringing a case as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring individually. One court resolves the issues for all class members, except for those who exclude themselves from the class.

### 4.      What are the reasons for the Settlement?

The Court did not finally decide in favor of Named Plaintiffs or Defendants. Instead, both sides agreed to a Settlement a few weeks before trial.  The Settlement came after nearly three years of litigation between the parties. The Parties participated in a court-ordered mediation before a retired judge on July 25, 2014. That all-day mediation did not result in a settlement. After experts' depositions were concluded and the parties prepared for trial, the parties were ordered by the Court to appear for a settlement conference before a federal magistrate judge on November 13, 2014.  After a full day of negotiations, the parties eventually reached a settlement in principle.  On February 10, 2015, the parties again appeared for a settlement conference before a federal magistrate judge to finalize the terms of the Agreement.

Named Plaintiffs and Class Counsel believe that the claims asserted in the action have merit.  Named Plaintiffs and Class Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims in

the action through trial and appeals, as well as the challenges in establishing liability and collecting any money from the Defendants even if liability is established.  Named Plaintiffs and Class Counsel have considered the uncertain outcome and the risk of any litigation, especially in complex lawsuits with unsettled issues like this one, as well as the difficulties and delays inherent in such litigation.  For example, Defendants have raised a number of arguments and defenses, which they would raise at trial and on appeal.  Even assuming the Named Plaintiffs could establish liability, Plaintiffs and Defendants disagree about whether there are any recoverable damages, how to calculate damages, the amounts of each category of damages, and whether Defendants have the resources to pay any adverse judgment, even if any such judgment were entered.  In the absence of a settlement, the Parties would present factual and expert testimony on each of these issues, and there is considerable risk that the Court would resolve the inevitable "battle of the experts" against Named Plaintiffs and the Class.

In light of the amount of the Settlement and the immediate recovery to the Class, Named Plaintiffs and Class Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  The Settlement, which totals $11.04 million in cash (less the various deductions described in this Notice), provides substantial benefits now as  compared to the risk that a similar or smaller recovery would be achieved after trial and appeal, possibly years in the future, or that there be no recovery for the Class at all.

Defendants deny and continue to deny each and every one of the claims alleged by Named Plaintiffs in the Action.  Defendants expressly denied and continue to deny any wrongdoing. Defendants also have taken into account the

burden, expense, uncertainty, distraction, and risks inherent in any litigation, and have concluded that it is desirable that the action be fully and finally settled upon the terms and conditions set forth in the Stipulation.

## B.     WHO IS IN THE SETTLEMENT

### 5.     How do I know if I am part of the Settlement?

The Class consists of all persons who (1) signed a Truck Lease Agreement with Shippers in California from January 31, 2008, through the date upon which the Court grants preliminary approval; (2) actually drove a Shippers truck without hiring others to perform work for Shippers; and (3) were classified by Shippers as independent contractors instead of employees.

### 6.     Are there exceptions to being included in the Class?

Excluded from the Class are (i) Defendants and their directors, officers, and agents and their related persons; and (ii) any person who would otherwise be a Class Member but who timely and validly excluded himself or herself from the Class by submitting a valid and timely request for exclusion.

### 7.     What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can call the Claims Administrator at (855) 445-2734 for more information.

## C.     THE SETTLEMENT BENEFITS—WHAT YOU GET

### 8.     What does the Settlement provide?

In exchange for the Settlement and the release of the Released Claims (defined below) against the Released Parties (defined below), Defendants have agreed to create a $11.04 million cash fund, to be divided, after deduction of

9

Court-awarded attorneys' fees and expenses, a payment to the California Labor and Workforce Development Agency, settlement administration costs, and any applicable taxes (the "Net Settlement Amount"), amongst all Class Members.

**9.     How much will my payment be?**

Class Members' share of the settlement fund will depend on how many weeks they actually worked for Shippers as a lease driver between January 31, 2008, and the date of preliminary approval ("Class Period") as reflected in Defendants' records.

Defendants' records show that you worked for Shippers as a lease driver for _____ weeks during the Class Period. Based on your Workweeks and the maximum award amounts set forth in the settlement, your estimated award is $_____.

If you believe the above number of Workweeks is incorrect, you should send a letter to the Claims Administrator before _____, indicating what you believe the correct number of Workweeks and the dates you worked. You should send any documents or other information that support your belief that Defendants' records are incorrect.  The Claims Administrator will have the final authority to resolve any dispute based upon Defendants' records and any information you provide.

Your payment will be treated as 25 percent wages, for which you will receive a W-2; the remaining 75 percent will be penalties and interest, for which you will receive a Form 1099. You are responsible for paying your taxes on any amount you receive.  This Notice is not tax advice, and you should consult your

tax advisor.  Checks will be valid for 180 days.  Upon the expiration of 180 days, the proceeds of all unclaimed funds and uncashed checks shall be paid by the Claims Administrator to the Class Members that cashed the checks they received for their Individual Settlement Payments on a *pro rata* basis. Class Counsel do not provide tax or financial advice and you are advised to seek independent professional advice as to the tax or financial consequences of any recovery obtained on behalf of Class Members.

*See* the Plan of Allocation in Question 22 for more information on your Individual Settlement Payment.

## D.    HOW YOU GET A PAYMENT

**10.    How can I receive a payment?**

**To receive a payment, you do not need to do anything**.  You will receive a payment because you are an identified member of the Class.  If you have any questions regarding your eligibility to receive an Individual Settlement Payment, you should contact the Claims Administrator.

If you have moved recently, contact the Claims Administrator at (855) 445-2734 to provide an updated address.

**11.    When will I get my payment?**

The Individual Settlement Payments will be distributed only if the Court approves the Settlement.  The Court will hold a Settlement Hearing on _____, 2015, to decide whether to approve the Settlement.  Even if the Court approves the Settlement, however, there may still be appeals of that approval order, which can take additional time to resolve, which can last for more

than a year.

Please be patient because the claims administration process takes time.

**12.     What am I giving up to get a payment?**

Upon the Settlement Effective Date you will release all Released Claims (as defined below) against the Released Parties (as defined below).

Released Claims are any and all claims, rights, demands, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state or common law, whether class, representative, or individual in nature, that Plaintiffs or any other Class Member: (i) asserted in the Action or related actions; or (ii) could have asserted in the Action and/or related actions or in any other action or in any forum against Defendants based on the facts alleged or asserted or referred to in any of the pleadings and/or papers filed in the Action or related actions.

Unknown Claims are any and all Released Claims that any Named Plaintiff or other Class Member does not know or suspect to exist in his or her favor at the time of the Execution of the Agreement, which if known by him or her might have affected his or her decision with respect to the Settlement, including the decision of a Named Plaintiff or other Class Member to object to the terms of the Settlement or to exclude himself or herself from the Class.  Solely with respect to any and all Released Claims, the Parties stipulate and agree that, upon the Settlement Effective Date, the Named Plaintiffs and Defendants shall expressly, and each other Class Member shall be deemed to have, and by operation of the Final Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory

of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Named Plaintiffs, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but the Named Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have settled and released, and upon the execution of the Settlement Agreement and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material term of the Settlement.

Released Parties are Defendants and all past and present officers, directors, shareholders, employees, agents, attorneys, insurers, direct and indirect subsidiaries, affiliates, parents, and joint ventures of Defendants, including but not limited to:  Jon F. Hemingway and Edward A. DeNike.


The Settlement Effective Date will occur when an Order by the Court approving the Settlement becomes Final and is not subject to appeal as set out more fully in the Stipulation on file with the Court.

As a member of the Class, all of the Court's orders about the Settlement will apply to you and legally bind you.  For more information regarding the scope of the release, including specific claims being released and specific claims not being released, refer to the Stipulation.

### E.     THE LAWYERS REPRESENTING YOU

**13.     Do I have a lawyer in this case?**

The Court appointed C. Joe Sayas, Jr. and Matthew Hayes as Class Counsel. You will not be separately charged for these lawyers.  The Court will determine the amount of Class Counsel's fees and expenses, which will be paid from the Class Settlement Amount.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.     How will the lawyers be paid?**

Class Counsel has not received any payment for their services in pursuing the claims in the Action on behalf of the Class, nor have they been paid for their litigation expenses.  At the Settlement Hearing, or at such other time as the Court may order, Class Counsel will ask the Court to award them, from the Class Settlement Amount, attorneys' fees in an amount representing 1/3 of the Class Settlement Amount, and litigation expenses that have been incurred in pursuing the Action.  The request for litigation expenses will not exceed $485,000.

### F.     OPTING OUT OF THE SETTLEMENT

**15.     How do I exclude myself from the proposed Settlement?**

If you wish to opt out of the Settlement and receive no money from the Settlement, you may exclude yourself from participating by submitting a written request to the Claims Administrator expressly and clearly indicating that: (i) you

have received this Notice of Proposed Settlement; (ii) you have decided not to participate in the Settlement; and (iii) you desire to be excluded from the Settlement.  The written request for exclusion must set forth your name, address and telephone number.  Sign, date and mail the Request for Exclusion to the Claims Administrator at _____.

**The written request to be excluded must be postmarked by no later than** _____**.**  If you submit a request for exclusion that is not postmarked by _____ _____, your request for exclusion will be rejected and you will be included in the Class.

## G.     OBJECTING TO THE SETTLEMENT

**16.     How do I tell the Court that I do not like the proposed Settlement?**

If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, or the application by Class Counsel for an award of fees and expenses.  You may write to the Court setting out your objection.  You may give reasons why you think the Court should not approve any part or all of the Settlement terms or arrangements.  The Court will only consider your views if you file a proper written objection within the deadline and according to the following procedures.  To object, you must send a signed letter stating that you "object to the proposed settlement in *Taylor v. Shippers Transport Express,* Case No. CV 13-2092 BRO (PLAx)."  You must include your name, address, telephone number, and your signature, and state the reasons why you object to the Settlement.  You may use an attorney of your choosing, at your expense, to submit an objection letter.  **Unless otherwise ordered by the Court, any Class Member**

**who does not object in the manner described herein will be deemed to have waived any objections and shall be forever foreclosed from making any objections to the Settlement or the application for attorneys' fees and expenses.**

Your objection must be filed with the Court and mailed or delivered to all the following so that it is received on or before _____, 2015:

**COURT:**

Clerk of the Court

United States District Court of the Central District of California

Spring Street Courthouse

312 North Spring Street

Los Angeles, California 90012

**CLASS COUNSEL DESIGNEE:**

C. Joe Sayas, Jr.                                Matthew Hayes

Law Offices of C. Joe Sayas, Jr.                 Hayes Pawlenko

500 N. Brand Blvd. Suite 980                     595 E. Colorado Blvd., Suite 303

Glendale, CA 91203                               Pasadena, CA  91101

**SSA's COUNSEL DESIGNEE:**

Susman Godfrey L.L.P.

Marc M. Seltzer

Steven G. Sklaver

Krysta Kauble Pachman

1901 Avenue of the Stars, Suite 950

Los Angeles, CA  90067

STE'S COUNSEL DESIGNEE:

GORDON & REES LLP

James J. McMullen, Jr.

Stacey M. Cooper

Tara J. Gillman

101 W. Broadway, Suite 2000

San Diego, CA 92101

## H.     THE SETTLEMENT HEARING

**17.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing at __:___ ___.m. on

_____, 2015, at the United States District Court of the Central

District of California, Spring Street Courthouse, 312 North Spring Street

Los Angeles, California 90012 in Courtroom 14.  At this hearing, the Hon. Beverly

Reid O'Connell, United States District Judge, will consider whether the Settlement

is fair, reasonable, and adequate.  The Court also will consider the proposed Plan

of Allocation for the Net Settlement Amount, the application of Class Counsel for

attorneys' fees and reimbursement of expenses, and the application for incentive

compensation awards to Named Plaintiffs.  The Court will take into consideration

any written objections filed in accordance with the instructions set out in Question

16 above.  The Court also may listen to people who have properly indicated, within

the Court's deadline identified above, an intention to speak at the Settlement

Hearing, but decisions regarding the conduct of the Settlement Hearing will be

made by the Court. *See* Question 19 for more information about speaking at the

Settlement Hearing.  At or after the Settlement Hearing, the Court will decide whether to approve the Settlement, and, if the Settlement is approved, how much attorneys' fees and expenses and incentive compensation should be awarded.  We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to the Class.  If you want to come to the hearing, you should check with Class Counsel before coming to be sure that the date or time has not changed.

**18.    Do I have to come to the Settlement Hearing?**

No.  Class Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.  If you submit an objection, you do not have to come to Court to talk about it.  As long as you filed and sent your written objection on time, and in the manner set forth in Question 16 above, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**19.    May I speak at the Settlement Hearing?**

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 16 above) a statement stating that it is your "Notice of Intention to Appear in *Taylor v. Shippers Transport Express*., Case No. CV 13-2092 BRO (PLAx)."  Persons who intend to object to the Settlement, the Plan of Allocation, or Class Counsel's Fee and Expense Application and desire to present evidence at the Settlement Hearing must also include in their written objections the identity of

any witness they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  You may have an attorney of your choosing, at your expense, speak on your behalf.  Unless the Court orders otherwise, you cannot speak at the Settlement Hearing if you have not provided written notice of your objection and intention to speak at the Settlement Hearing in accordance with the procedures described in Questions 16 and 19.

## I.   IF YOU DO NOTHING

**20.   What happens if I do nothing at all?**

If you do nothing and the Settlement is approved and you are a member of the Class, **you will get money from this Settlement** and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Parties about the Released Claims, ever again.

## J.   GETTING MORE INFORMATION

**21.   Are there more details about the proposed Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation, dated February 27, 2015.  You may review the Stipulation filed with the Court or documents filed in the case during business hours at the Office of the Clerk of the United States District Court of the Central District of California Spring Street Courthouse, 312 North Spring Street, Los Angeles, California 90012. You also can call the Claims Administrator toll free at (855) 445-2734; or write to _____.

**Please Do Not Call The Court With Questions About The Settlement**

## K.   PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

**22.   How will my claim be calculated?**

As discussed in this Notice, a settlement has been reached in this Action, which provides $11.04 million in cash for the benefit of the Class.  The Net Settlement Amount will be distributed to the Class Members in accordance with the Plan of Allocation which may be approved, or modified by the Court without additional notice to the Class.

The objective of the Plan of Allocation of the Net Settlement Amount is to establish a reasonable and equitable method of distributing the Net Settlement Amount among Class Members. The formula below provides the basis on which the Net Settlement Amount will be distributed among Class Members:

(a)   The Claims Administrator shall calculate the total aggregate number of Workweeks that all Class Members worked during the Class Period.

(b)   The proceeds of the Net Settlement Amount shall be divided by the total Workweeks, resulting in the "Workweek Point Value".

(c)   An "Individual Settlement Payment" amount for each Class Member shall then be determined by multiplying the individual Class Member's number of Workweeks by the Workweek Point Value.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Class Settlement Amount, the distribution of the Net Settlement Amount, the Plan of Allocation or the payment of any Individual Settlement Payment.  Named Plaintiffs and Class Counsel likewise will have no liability for their reasonable efforts to execute,

1  administer, and distribute the Settlement.

2      If the Net Settlement Amount exceeds the sum total amount of the

3  Individual Settlement Payments of all Class Members entitled to receive payment

4  out of the Net Settlement Amount, the excess amount in the Net Settlement

5

6  Amount shall be distributed *pro rata* to all Class Members entitled to receive

7  payment.

8

9  Dated:  March __, 2015

10                                  _____

11                                  Beverly Reid O'Connell
                                   UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28