# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAYLING TAYLOR, an individual, and BRUCE BROWN, an individual, on behalf of themselves and others similarly situated,<br><br>                Plaintiffs,<br><br>     vs.<br>SHIPPERS TRANSPORT EXPRESS, INC., a California corporation; SSA MARINE, INC., a Washington corporation; and DOES 1 to 10, inclusive,<br><br>                Defendants. | Case No.: CV13-02092-BRO(PLAx)<br><br>**JUDGMENT**<br><br>Hon. Beverly Reid O'Connell |

On May 14, 2015, this Court issued an Order granting Plaintiffs' Motions for Final Approval of Class Action Settlement and Attorneys' Fees (Document No. 246). For all the reasons stated in that Order, the Court GRANTS final approval of the Settlement reached between the parties in this class action, and GRANTS Plaintiffs' Motion for Fees, as follows:

- 1 -

1.     This Judgment incorporates by reference the definitions in the Settlement and all capitalized terms used in this Judgment that are not otherwise defined shall have the same meanings as set forth in the Settlement.

2.     The Court finds that this Settlement  satisfies the requirements for class action settlement under Rule 23 of the Federal Rules of Civil Procedure and further finds that the Class Members have at all times been adequately represented by the class representative and Class Counsel. The Class includes that class of drivers certified by the Court's March 10, 2014 order (Document No. 71), plus any other driver who entered into a truck lease agreement with Shippers Transport Express, Inc. in California after the Claims Administrator, Gilardi & Company, LLC, first sent notice of the class action in June 2014 through the date of the preliminary settlement approval on March 4, 2015. The Class also includes those Class Members who were identified and subsequently agreed to by the parties during the claims administration process, as shown in Exhibit A hereto.  The Class does not include the 12 drivers listed in Exhibit B hereto who timely and validly opted out upon notice of class certification.

3.     The Court finds that the Notice given to the Class Members fully complied with Rule 23, was the best notice practicable, satisfies the requirements of due process, and provides the Court with jurisdiction over the Class Members.

4.     The Court has concluded that the Settlement as set forth in the Settlement Agreement executed by the parties is fair, reasonable, and adequate. The Court finds the

$11,040,000 Class Settlement Amount established pursuant to the Settlement Agreement is reasonable and adequate.

5.      The Court finds that the plan for distribution of the Net Settlement Amount among the Class Members as described in the Settlement Agreement is fair and reasonable.

6.      The Settlement is hereby APPROVED in all respects, and the releases encompassed therein are effectuated.

7.      The Court AWARDS Class Counsel attorneys' fees in the amount of $3,680,000.

8.      The Court AWARDS Class Counsel reimbursement of costs in the amount of $291,160.45.

9.      The Court AWARDS an incentive payment to Named Plaintiffs Bruce Brown and Grayling Taylor in the amount of $15,000 each; and to active class members Elroy Lambey and Mario Giron the amounts of $10,000 and $7,500, respectively.

10.      The Court APPROVES the payment of civil penalties under California's Private Attorney General Act in the amount of $50,000. Pursuant to the prescribed allocation under section 2699 of the California Labor Code, 75% of said amount shall be distributed to the Labor and Workplace Development Agency and 25% shall revert to and be deemed part of the Net Settlement Amount for distribution to the Class Members.

11.     The Court approves payment of the administration costs to the Claims Administrator, Gilardi & Co. LLC, in the amount of $29,300.80.

12.     The Court hereby gives final approval to, and orders that the payment of, the amounts described in paragraphs 6 to 10 above be paid out of the Class Settlement Amount in accordance with the Settlement Agreement.

13.     The parties are hereby ordered to consummate the Settlement in accordance with the terms and provisions therein.

14.     The First Amended Complaint filed on February 22, 2013, is hereby dismissed with prejudice, without costs to any party, except as otherwise provided in the Settlement Agreement.

15.     This document shall constitute a final judgment with respect to the claims of the Class Members for purpose of Rule 58 of the Federal Rules of Civil Procedure.

14.     Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Class Settlement Amount; (iii) disposition of the Class Settlement Amount; (iv) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (v) other matters related or ancillary to the foregoing.

[PROPOSED] JUDGMENT

16.    Pursuant to 28 U.S.C. § 1715 (d), this Judgment granting final approval of the proposed settlement may not be issued or entered earlier than June 4, 2015 which is 90 days after the date on which the appropriate Federal and State officials were served with the notice required under subsection (b). The Court expressly directs the Clerk of Court to enter judgment in accordance with these terms.

**IT IS SO ORDERED.**

Dated:  June 4, 2015

By: _____
HON. BEVERLY REID O'CONNELL
United States District Court Judge

- 5 -